Robert Lee Choice, Petitioner v. Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, November 21, 1977, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers and Blatt.

*Robert Lee Choice,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

Opinion by Judge Wilkinson, Jr., January 12, 1978:

Petitioner has filed what has been construed as a Petition for Review challenging the respondent Board of Probation and Parole's recommittal of him as a convicted parole violator. This is the second time petitioner has been before this Court challenging this same recommittal. The Board has filed a preliminary objection in the nature of a demurrer. We dismiss the petitioner's claim for the reasons stated below.

Petitioner's original maximum sentence was to expire on August 18, 1974. On August 20, 1974, the Board declared petitioner delinquent as of April 30, 1974, on which date the petitioner's whereabouts had become unknown. The petitioner's recomputed maximum sentence was set to expire on December 13, 1974. On August 25, 1974, the petitioner committed a crime (robbery) for which he was convicted on January 9, 1975. The petitioner was then recommitted as a convicted parole violator for the duration of his original

maximum sentence which was recomputed to expire on March 19, 1979. The petitioner challenged that action before this Court, alleging that the Board could not constitutionally extend the maximum sentence of a parolee who committed a crime while on parole, but who was not convicted until after the expiration of the court-imposed maximum sentence. President Judge BOWMAN, in an opinion found at 24 Pa. Commonwealth Ct. 438, 357 A.2d 242 (1976), dismissed the petitioner's challenge. The petitioner now seeks to challenge the Board's action on the grounds that it could not declare him delinquent after the expiration of his original maximum sentence. If the petitioner's argument were to be sustained, then his original maximum sentence could not have been extended and the August 25, 1974 crime would not have occurred while he was on parole.

We are compelled to dismiss the petitioner's complaint for the reason that he should have raised his current argument in his prior action against the Board. That action challenged the validity of the Board's recommittal of petitioner as a convicted parole violator, which is essentially the same claim being raised now. While the present suit is based on somewhat different grounds from those found in the prior action, the two cases are identical in terms of the relief sought and the official action being challenged. A parolee challenging an act of the Board must raise all his claims at one time, rather than bring successive suits which seek the same relief but vary slightly in their allegations.

Accordingly, we will enter the following

ORDER

Now, January 12, 1978, the petition of Robert Lee Choice at No. 281 Miscellaneous Docket is hereby dismissed.