Leroy Head, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs January 20, 1983, to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Timothy P. Wile,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

PER CURIAM OPINION, September 7, 1983:
This is an appeal from a denial by the Pennsylvania Board of Probation and Parole of a request for administrative relief. The petitioner, while on parole from an earlier sentence for second degree homicide, was convicted in the Common Pleas Court of Philadelphia on charges of arson and risking a catastrophe.

After a revocation hearing before a hearing examiner, the board recommitted the petitioner to the State Correctional Institution at Graterford, to serve thirty-six months' backtime.

The petitioner, by his request for administrative relief against that action, claims that, in the light of his history of mental illness, the board abused its discretion and violated his constitutional guarantee against cruel and unusual punishment by recommitting him to the state correctional facility instead of to a mental health hospital as an inpatient.

By an earlier remand order, at *Head v. Pennsylvania Board of Probation and Parole*, 72 Pa. Commonwealth Ct. 257, 456 A.2d 1116 (1983), we have obtained the required transcript of the revocation hearing. That record contains two pertinent elements: (1) the Philadelphia sentencing judge, as to the new offenses, directed the petitioner to Coatesville Hospital with respect to a twenty-three month sentence on the arson conviction and granted four years probation under the local psychiatric unit with respect to the other new offense, and (2) the petitioner has had previous psychiatric treatment in hospitals at Byberry and Norristown.

Incarceration with inadequate medical care would undoubtedly be a violation of the Eighth Amendment, whether the need for medical care be in physical terms, *Estelle v. Gamble*, 429 U.S. 97 (1976), or with respect to mental illness, *Bowring v. Godwin*, 551 F.2d 44 (4th Cir. 1977). If hospitalization for mental illness is shown to be necessary, in view of the inadequacy of care available in the penal institution, denial of hospitalization is a constitutional violation. *Feliciano v. Barcelo*, 497 F. Supp. 14 (D.C.P.R. 1979).

However, the record, now available to us, does not establish the nature or degree of the petitioner's need for treatment. The only indication of a need for inpa-

tient treatment is the decision of Judge WHITE, of the Court of Common Pleas of Philadelphia, to afford the petitioner treatment at Coatesville. That judicial determination does not constitute a medical evaluation, but must be viewed in the context of the arson offense as to which it was rendered. The board's action here dealt with the appropriateness of a correctional facility with respect to the remaining time to be served on a sentence of second degree homicide.

The record contains no evidence indicating that the medical services and treatment available at or through the state correctional institution are inadequate for this prisoner's condition, or that such services would be unjustifiably withheld.

Because there is no factual basis on which to reverse the board's determination, it is affirmed.

PER CURIAM ORDER

Now, September 7, 1983, the order of the Board of Probation and Parole, at Parole No. 5213-K, dated March 30, 1981, is affirmed.