John Toth, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

· Submitted on briefs to Judges Rogers, Craig and MacPhail, sitting as a panel of three.

*Timothy P. Wile,* Assistant Public Defender, for petitioner.

No appearance for respondent.

Opinion by Judge MacPhail, October 20, 1983:

In *Bronson v. Pennsylvania Board of Probation and Parole,* 491 Pa. 549, 421 A.2d 1921 (1980), *cert. denied,* 450 U.S. 1050 (1981) our Supreme Court held that an indigent prisoner was entitled to the assistance of counsel during his direct appeal as of right from a decision of the Board of Probation and Parole (Board) to this Court. Since that decision, this Court has faithfully followed its mandate.

In *Bronson* the Court said:

The inadequate and confusing record before us provides the strongest possible argument for the need of counsel in such proceedings. It would be virtually impossible from the information provided by this record to not only assess the merits of appellant's complaints relating to his recommitment but even to identify, with any degree of certainty, the precise nature of appellant's complaints. (Footnote omitted.)

491 Pa. at 552, 421 A.2d 1022. We note then, that our Supreme Court was of the opinion that the assistance of counsel at the appellate level was required for the assistance of the Court as well as to protect the interests of the prisoner.

The instant case presents the problem that was certain to arise in due course: where counsel is appointed to represent an indigent prisoner and dutifully files an advocate's brief with which the prisoner does not agree, 1) may counsel withdraw and 2) may the prisoner file a pro se brief? The counsel who filed a definitive brief in the instant case is experienced in the appellate courts of Pennsylvania. He has timely filed a brief which, in our opinion, adequately addresses the issues raised in the petition for review filed on Mr. Toth's behalf.[1] Toth then sent a letter addressed to an administrative officer of our Court with a copy to his counsel complaining that his counsel's brief is inaccurate and would render his ap-

---

[1] The Petition for Review was framed and filed by another lawyer in whom Mr. Toth expresses great confidence. The issues raised are whether the prisoner was afforded a timely revocation hearing and whether he was afforded a parole hearing within a reasonable period of time. Neither issue is very complicated.

peal wholly ineffective.[2]  The letter requests the right to file a pro se brief but does not ask that his counsel be discharged.

Counsel then presented to this Court an application for leave to withdraw his appearance because he feels that in light of the allegations in Toth's letter, he can no longer effectively represent him.  Since this is the only formal application before this Court we will limit our decision to that application.[3]  It is not an easy question to resolve because we respect the integrity and independence of lawyers who are, by virtue of their admission to the bar, officers of the Court.  By the same token we are mindful of the reasons why counsel were afforded initially to indigent prisoners with cases on appeal.

Counsel has given proper notice to Toth of his application to withdraw.[4]  There has been no response from Toth.

Pennsylvania's Code of Professional Responsibility provides in Disciplinary Rule 2-110(C)(1)(d), 204 Pa. Code §81.2, that a lawyer may request to withdraw where his client's conduct renders it unreasonably difficult for the lawyer to carry out his employment effectively.  There is no distinction in the Rules between appointed and employed counsel, nor should there be, yet the lawyer who chooses his own client is in a somewhat different position from the lawyer

---

[2] Toth's complaints against his counsel are, in our judgment, unfounded.

[3] This Court is not required to respond to letters to its administrative staff.

[4] Counsel refers to *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981) and *Scott v. Pennsylvania Board of Probation and Parole*,     Pa. Commonwealth Ct.    , 463 A.2d 110 (1983). We must note that those cases concern counsel's right to withdraw when a determination is made that an appeal is frivolous.  That is not the issue in the case *sub judice*.

who has been appointed to represent a client. We do not believe, however, that in the circumstances of this case his client's lack of confidence makes it unreasonably difficult for appointed counsel to carry out the duties of his appointment effectively. Counsel has done all that is required of him in this case. Upon receipt of the Board's brief, the merits of the appeal will be decided.[5]

Under the circumstances of this case[6] we will not grant counsel's present application to withdraw.[7]

ORDER

The petition of Timothy P. Wile, Esq. for leave of Court to withdraw appearance, is denied.

---

[5] This Court does not normally permit or require oral argument in administrative appeals from the Board's decisions.

[6] We observe that of necessity, each case must be reviewed in light of its own facts.

[7] Our decision does not bar counsel from presenting a new petition in the event there are further proceedings which necessitate the client's support and cooperation.