Willie Wiley, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges WILLIAMS, JR., DOYLE and BLATT, sitting as a panel of three.

*Timothy P. Wile,* Assistant Public Defender, for petitioner.

*Robert A. Greevy,* Chief Counsel, with him *Arthur R. Thomas,* Assistant Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE DOYLE, November 3, 1983:

Before this Court is an appeal by Willie Wiley (Petitioner) from a denial by the Pennsylvania Board of Probation and Parole (Board) of his request for administrative relief. We affirm in part and reverse in part.

Petitioner, while on parole, was arrested by the Philadelphia Police Department and charged with, among other things, robbery and aggravated assault. He was afforded a preliminary and detention hearing by the Board on September 19, 1978, relative to technical violations of his parole, and probable cause was found to detain him pending the appropriate hearing. The Board subsequently scheduled a hearing on Petitioner's technical parole violations for December 19, 1978. That hearing was continued until February, 1979, however, at the request of Petitioner. In the interim period, specifically January 31, 1979, Petitioner was convicted of the robbery and aggravated assault charges. The Board thus scheduled Petitioner, who had waived a full Board hearing, for hearings on February 9, 1979 on both his alleged technical violations of parole and whether he should have his parole revoked as a convicted parole violator. Again Petitioner requested a continuance, this time until March 27, 1979 pending sentencing on his January 31, 1979 convic-

tions. On March 27, 1979, Petitioner once more requested a continuance, this one until further notice pending resolution of his post-trial motions. Petitioner was sentenced to a term of from two to four years for his robbery and aggravated assault convictions on May 23, 1979. The Board scheduled him for hearings on August 16, 1979 on both his technical violations and whether his parole should be revoked because of his conviction. The hearings were again continued at the request of Petitioner. On August 30, 1979, an examiner for the Board conducted the conviction revocation aspect of Petitioner's hearings and, upon the recommendation of the examiner, the Board later ordered Petitioner recommitted as a convicted parole violator. The examiner disqualified himself from conducting the technical violation aspect of Petitioner's hearing, however, because he was the same examiner who had conducted the preliminary hearing of September 19, 1978 as to those charges. Petitioner's hearing on those charges was not held until November 8, 1979, following which the Board further ordered Petitioner recommitted as a technical parole violator to serve an additional one year's time before becoming eligible for reparole. Petitioner applied to the Board in August, 1980 for administrative relief asserting, *inter alia*, that neither the revocation nor technical violation hearings were conducted within their respective 120 day time limits and that his recommitments for those violations should therefore be nullified. Relief was denied and the appeal to this Court followed in which Petitioner reasserts his charges.

With respect to the revocation hearing which led to Petitioner's recommitment as a convicted parole violator, its August 30, 1978 date was clearly timely. Where, as here, the parolee has waived a full Board hearing, the revocation hearing must be held within 120 days of the Board's receipt of official verification

of the guilty verdict entered against the parolee. 37 Pa. Code §71.4(2)(i). Any delay in the conducting of the hearing which is attributable to a continuance granted at the request of the parolee or his attorney, however, is excluded from the 120 day period. 37 Pa. Code §71.5(i)(2). Thus, because of the aforementioned continuances granted Petitioner there were, at most, ninety-four days between Petitioner's January 31, 1979 conviction and his August 30, 1979 hearing which were chargeable to the Board.[1] This is well within the 120 day time limit and Petitioner's recommitment as a convicted parole violator must stand.

As for Petitioner's recommitment on technical violations of his parole, we are constrained to agree with Petitioner that the Board's hearing thereon was untimely. A technical parole violation hearing must be conducted within 120 days of the preliminary hearing pertaining to the violation charges. 37 Pa. Code §71.2 (11). In the case at bar the preliminary hearing was held for Petitioner on September 19, 1978 and his actual hearing, which was ultimately continued, was scheduled for December 19, 1978. This is a period of ninety-one days. The delays from December 19, 1978 until at least May 23, 1979, because of Petitioner's

---

[1] The time frames chargeable to the Board are those from January 31, 1979 until February 9, 1979 and from May 23, 1979 until August 16, 1979. May 23, 1979, the date of Petitioner's sentencing, we construe as terminating his continuance request of March 27, 1979, which was until further notice pending post trial motions. It therefore also terminates the tolling of the 120 day time limit for the hearing which resulted from that request. In actuality the total time frame with which we are dealing is probably shorter since it is the date the parolee's conviction is officially verified to the Board which starts the clock running in these matters. We similarly would not charge the Board with knowledge of Petitioner's sentencing until actually received. Unfortunately neither of these dates is of record but, as the outer parameters of the time frame chargeable to the Board are known, we nonetheless are able to render our decision.

continuance requests, are not charged to the Board. 37 Pa. Code §71.5(i)(2). Because Petitioner's continuance request of March 27, 1979, however, was until further notice pending post-trial motions, we must construe the May 23, 1979 sentencing of Petitioner as terminating the continuance afforded. *See* footnote 1 *supra.* While the date the Board actually received notice of Petitioner's sentencing is not part of the record submitted to this Court, the Board has at no point inferred in its brief to this Court that there was any untoward delay. Thus, the eighty-five days which elapsed between Petitioner's sentencing and the scheduled hearing date of August 16, 1979 combined with the ninety-one days between the preliminary hearing and the first scheduled hearing, presents us with 176 days for which the Board has proffered no explanation for its delay. Additionally, while the delay engendered on August 30, 1979 by the apparent impropriety of the hearing examiner sitting for both the preliminary and actual hearings on the technical parole violations charged, would have arguably been excusable had the delay been for a reasonable time, 37 Pa. Code §71.5(i)(3), a delay of seventy days, as happened here, is not reasonable absent mitigating circumstances. As the Board has failed to assert such circumstances, nor any reason why such a delay was necessary, we believe at least a fair portion of the seventy days transpiring between the hearing of August 30, 1979 and that of November 8, 1979 are also chargeable to the Board. Accordingly, while we cannot state with specificity just how far in excess of the 120 day time frame Petitioner's hearing was held,[2] we do have a period of ap-

---

[2] This Court regrets not being able to state its decision utilizing specific numbers of days. The record submitted by the Board in this matter is sparse, however, as to a number of pertinent facts, despite the Board's having been ordered by this Court on June 17, 1983, to supplement the record initially filed. Inferences necessarily drawn

proximately 246 days for which no explanation has been tendered by the Board. Even permitting reasonable periods of leeway for the receipt of appropriate notices and the rescheduling of the technical violation aspect of the August 30, 1979 hearing, it is clear that the Board failed to hold Petitioner's technical parole violation hearing within the required 120 days. Accordingly, the Board's denial of administrative relief from its decision to recommit Petitioner as a technical parole violator is reversed. *See Capers v. Pennsylvania Board of Probation and Parole,* 42 Pa. Commonwealth Ct. 356, 400 A.2d 922 (1979).

ORDER

Now, November 3, 1983, the September 17, 1980 decision of the Pennsylvania Board of Probation and Parole in the above captioned matter denying administrative relief to Willie Wiley is affirmed in part and reversed in part consistent with the above opinion. The matter is remanded to the Board for the appropriate recalculation of sentence and jurisdiction is relinquished.

from the record we are provided must favor the parolee and it is therefore to the Board's advantage to see that this Court has all the information which may be pertinent to the issues before us.