Mackey L. Wright, Petitioner v. Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*Kimberly Hamilton*, Public Defender, for petitioner.

*Arthur R. Thomas*, Assistant Chief Counsel, with him, *Robert A. Greevy*, Chief Counsel, *Jay C. Waldman*, General Counsel, and *LeRoy S. Zimmerman*, Attorney General, for respondent.

OPINION BY JUDGE DOYLE, October 18, 1984:

Before this Court is an appeal by Mackey L. Wright (Petitioner) from a denial by the Pennsylvania Board of Probation and Parole (Board) of his request for administrative relief stemming from a decision to recommit Petitioner as a convicted parole violator.

Petitioner, on parole at the time, was arrested on November 17, 1980, by the Philadelphia Police and charged with, *inter alia,* recklessly endangering another person. He was convicted of that charge in the Court of Common Pleas of Philadelphia County on January 13, 1981 and a sentence of "time-in" to twenty-three months was imposed. An appeal from that conviction was lodged by Petitioner but it was withdrawn on May 22, 1981, at which time Petitioner was paroled from county custody. Prior thereto, and following a full Board hearing, Petitioner was sentenced by the Board to serve twelve months backtime on his earlier conviction for a technical violation of his parole. Subsequent to Petitioner's county parole he received another full Board hearing, after which the Board reaffirmed its decision to recommit Petitioner as a technical violator and also imposed a sentence of yet another twelve months backtime because of Petitioner's status as a convicted parole violator. The cumulative twenty-four months of backtime modified the maximum expiration date on Petitioner's original sentence to May 18, 1987. Petitioner petitioned to the Board for administrative relief from its decision imposing backtime on the basis of his being a convicted parole violator. Relief was denied and the appeal to this Court followed.

In his appeal Petitioner raises the issue of whether the Board violated his rights to due process by relying on undisclosed information in rendering its decision. That decision stated:

Reaffirm recommitment action of 4-27-81 and now recommit as a convicted parole violator to serve 12 months for a total of 24 months on backtime. Evidence relied on: Conviction in a court of record. Your testimony. PBPP records #257 and #501. Court commitment papers. Conviction in a court of record for the offense of Recklessly Endangering Another Person has a presumptive range of 12 to 18 months. Reasons: Conviction in a court of record. Previous recommitment as a technical parole violator.

A review of the record certified to this Court by the Board fails to disclose either "PBPP records #257 and #501" or court commitment papers. Moreover, the transcript of the hearing in question reveals the following colloquy between Petitioner's counsel at that time and Board member William L. Forbes:

Atty McGee: Prior to Mr. Wright presenting any evidence, I would ask the Court pursuant to Morrissey vs. Brewer, 408 U.S. 471 for a disclosure to the parolee and the evidence against him that the Board might consider any evidence consider other than what I have been presented here. Uh uh I would ask that that be disclosed to him to that he he could refute what's contained in any information the Board might consider in revoking his parole.

Mr. Forbes: Okay in this case counsel the Board is considering only the fact as indicated, that Mr. Wright has sustained a conviction while serving time on parole. Which gives the Board the jurisdictional right to either revoke parole or to continue on parole uh with regard to that duh recent conviction.

Atty McGee: I would ask my request be directed to the information that the Board

might use in deciding whether or not to continue him on parole. The fact that he's been convicted has been presented. If the Board is going to consider anything in addition to that conviction I would ask that it be disclosed to Mr. Wright.

Mr. Forbes: In a revocation hearing the Board usually only considers the information given by the client, that is, as to mitigation or extenuation of the charge of the the charge or conviction that he's substained. We do not consider anything else as not directly germane to the convictions itself. So any information he will afford us, certainly we will take that into consideration, if he does not afford us any information other than the conviction itself, the Board must simply go by the presumptive range we have established for the charge of uh Recklessly Endangering Another Person and act accordingly in terms of the revocation proceedings.

Atty McGee: My I take it from that then that the Board is considering nothing other than what has been presented here today to the Board as on the record?

Mr. Forbes: Right.

Atty McGee: And that that has been on document—one page uh—

Mr. Forbes: That he substained a conviction.

The United States Supreme Court, in *Morrissey v. Brewer*, 408 U.S. 471 (1972), held that the minimum *requirements* of due process in a parole revocation proceeding include disclosure to the parolee of any evidence to be used against him. The Board, by way of response to Petitioner's appeal, argues:

The reasons for recommitment listed in the Board's order refer only to Wright's conviction and his previous recommitment as a technical violator. Therefore, whatever inforamtion [sic] "PBPP records #257 and #501" might have contained in addition to the information that Wright has been convicted, that information was obviously not used by the Board in deciding whether to recommit him.

Implicit in this argument is a request that this Court accept the Board's statement as to the "reasons" for its decision but ignore its very own statement of what evidence it "relied on" in making the decision, all on the basis of the Board's argument now as to what actually occurred. We cannot be so cavalier, especially in view of the absence of the subject documents from the record certified to this Court.[1] The decision must speak for itself. The Board identified documents as "[e]vidence relied on" in making its decision. Petitioner not only was not shown said documents nor afforded an opportunity to address them, he was specifically rebuffed in an attempt to ascertain what was to be used against him by the Board's denial that there was anything beyond his testimony and the record of his conviction. Hence, the decision sentencing Petitioner to an additional twelve months backtime as a convicted parole violator must be reversed and the matter remanded to the Board for further consideration in accordance with this opinion.[2]

---

[1] Incomplete and inadequate records in matters involving the Board have been a recurring problem. *See Prough v. Pennsylvania Board of Probation and Parole*, 78 Pa. Commonwealth Ct. 606, 467 A.2d 1234 (1983); *Wiley v. Pennsylvania Board of Probation and Parole*, 78 Pa. Commonwealth Ct. 197, 467 A.2d 100 (1983).

[2] We therefore need not address other issues raised herein by Petitioner.

ORDER

Now, October 18, 1984, the denial of administrative relief of the Pennsylvania Board of Probation and Parole in the above captioned matter is hereby reversed and the matter is remanded for further consideration in accordance with this opinion. Jurisdiction relinquished.