Bernard Blevins, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs July 30, 1984, to Judges MAC-PHAIL, DOYLE and BARRY, sitting as a panel of three.

*Lee F. Mauger,* Assistant Public Defender, for petitioner.

*Robert A. Greevy,* Chief Counsel, with him, *Arthur R. Thomas,* Assistant Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE DOYLE, May 3, 1985:

Bernard Blevins (Petitioner) appeals from the dismissal of his petition for administrative review and relief before the Pennsylvania Board of Probation and Parole (Board) as untimely under 37 Pa. Code §71.5(h).

Petitioner was arrested while on parole from a sentence of three to ten years and was convicted of burglary and related offenses. Following a parole revocation hearing, the Board recommitted him to serve twenty-four months of backtime. A copy of the recommitment order, dated September 13, 1983, was sent to the attorney who had represented Petitioner at the revocation hearing. On October 28, 1983, the Board received[1] a petition for administrative review, and on November 25, 1983, the Board dismissed the petition as untimely.

37 Pa. Code §71.5(h) provides, in pertinent part:

When any errors under this chapter are alleged subsequent to the Board's order, the parolee,

---

[1] Although the petition is dated October 24, 1983, it was not received by the Board until October 28, 1983.

by his attorney unless he is unrepresented, may apply to the Board within 30 days of the date of entry of the order for appropriate review and relief. . . . When a timely request for administrative review of an order has been filed, the order will not be deemed final for purposes of appeal until the Board has mailed its response to the request for administrative review.

Petitioner argues that a dismissal for failure to comply with the thirty day requirement results in the administrative appeal becoming a mandatory procedure for preservation of rights in a judicial appeal, and that such an interpretation is inconsistent with the discretionary language in the Code, which states that a parolee "may apply to the Board within thirty days." This argument is without merit because, even had Petitioner chosen to appeal directly to this Court, which he did not, he would have had only thirty days to file his petition under Pa. R.A.P. 903. Thus, his appeal on October 28, 1983 would have been untimely in any event. We therefore do not reach the issue of whether the language of 37 Pa. Code §71.5(h) is mandatory or elective.

Petitioner further contends that his untimeliness was due to the fact that he was essentially unrepresented by counsel and, consequently, was unaware of his right to appeal. This contention is also meritless. Petitioner *was* represented at the parole revocation hearing, and a copy of the Board's recommitment order was sent to his attorney. That order stated, in part:

If you wish to appeal this decision, you must either file a petition for review in the Commonwealth Court within thirty days of this order or file a request for administrative relief with the Board within thirty days of this or-

der. You have a right to an attorney in appealing this order.

Finally, Petitioner alleges that 37 Pa. Code §71.5 (h) is defective because it was not published in final form prior to its codification as is required by the Newspaper Advertising Act[2] (Act). This is an incorrect statement. The provision in question appeared in full in the April 10, 1982 issue of the Pennsylvania Bulletin[3] as a proposed amendment to 37 Pa. Code §71.5(h). Thereafter a notice of final adoption appeared in the Bulletin on September 18, 1982,[4] which clearly referenced the first publication and indicated that no changes were being made. This procedure constituted full compliance with the Act.

Petitioner's additional arguments are equally without merit.[5]

Accordingly, we affirm the dismissal by the Board.

---

[2] 45 Pa. C. S. §§101-907. Petitioner specifically points to Section 724(a), which requires that documents to be codified in the Pennsylvania Code are to be published in the first available issue of the Pennsylvania Bulletin after such documents have been filed by the Legislative Reference Bureau, and Section 726(a), which relates to final publication of documents in the Pennsylvania Code.

[3] 12 Pa. B. 1179 (1982).

[4] 12 Pa. B. 3290 (1982).

[5] Petitioner contends that incarcerated parolees frequently encounter problems with the prison system in receiving their mail, and thus it is unfair to expect them to comply with the time constraints of 37 Pa. Code §71.5(h). However at no point does Petitioner indicate any specific delay which occurred with regard to his own mail.

Petitioner also contends that the Board lacks authority to make procedural rules. The Board's rule-making power is clearly set forth in Section 506 of the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §186. This provision is specifically made applicable to the Board in Section 2 of the Pennsylvania Probation and Parole Act, Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §331.2.

ORDER

Now, May 3, 1985, the decision of the Pennsylvania Board of Probation and Parole dated November 25, 1983, at Parole No. 5091-K dismissing the petition for administrative relief is affirmed.

Judge WILLIAMS, JR., did not participate in the decision in this case.