Mark Timothy Winters, Petitioner *v.* Common-
wealth of Pennsylvania, Pennsylvania Board of
Probation and Parole, Respondent.

Submitted on briefs October 22, 1985, to Judges
MacPhail, Doyle and Barry, sitting as a panel of
three.

*Robert B. Stewart, III,* Chief Public Defender of Huntingdon County, with him, *Mark Timothy Winters,* for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* for respondent.

OPINION BY JUDGE MACPHAIL, January 17, 1986:

Mark Timothy Winters (Winters) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) denying him administrative relief from a Board recommitment order. That recommitment order revoked his parole and recommitted him to prison as a technical and convicted parole violator to serve fifty-two months on backtime.

While on parole, Winters was arrested and charged with transporting firearms without a license. On April 5, 1976, Winters was sentenced to a term of six to twenty-three months on this charge. Winters was confined to the Montgomery County prison. On October 7, 1976, Winters was found guilty of a heroin sales charge and was sentenced on Bureau of Corrections No. F-7628 to a term of not less than seven months nor more than four years, eleven months, effective February 3, 1977.

On October 15, 1976, after a hearing, the Board revoked Winters' parole and recommitted him, when available, on Bureau of Corrections No. F-6649. On October 20, 1976, Winters was committed to the Diagnostic and Classification Center at Graterford.

On July 5, 1977, the Board granted reparole on Bureau of Corrections No. F-6649 to the detainer only, with a notation that on September 3, 1977, parole would be granted on the detainer sentence. On July 12, 1977, Winters was received at the State Correctional Institution at Dallas (SCI-Dallas). The Board granted Winters' parole on Bureau of Corrections No. F-7628 effective September 3, 1977, at which time he was released from SCI-Dallas.

On November 21, 1977, Winters was arrested and charged with loitering, prowling at night and possession of burglary tools. Winters was confined in the Montgomery County prison in lieu of $1500 bail. The Board lodged its warrant on December 19, 1977 and decided to "continue [Winters] on parole pending disposition of criminal charges." On December 21, 1977, the Board lifted its detainer and Winters posted the $1500 bail.

On January 12, 1978, Winters was arrested in Chester County on charges of Criminal Attempt-Homicide, Criminal Conspiracy, Aggravated Assault, and Criminal Attempt-Burglary. Winters was held in the county prison in lieu of posting $50,000 bond.

The certified record indicates[1] that on February 12, 1978, Winters allegedly held up a Howard Johnson's restaurant in Delaware County, and on February 15, 1978, was arrested and charged with receiving stolen property. Winters was released on $1000 bond. The Board lodged its warrant on February 24, 1978.

---

[1] There is no explanation in the record to indicate how Winters was released from prison on the January 12 offense.

Winters was picked up by the Pennsylvania State Police on March 1, 1978 in Limerick, PA, and arrested. Before transporting Winters to the Montgomery County Prison, the officers took Winters to his home so that he could pack some clothing. Winters escaped through the basement window of his house. The Board declared Winters delinquent and issued a Fugitive Warrant.

On July 1, 1983, the Mississippi Highway Patrol arrested Winters on the Fugitive Warrant. He was held in Mississippi pending extradition. Winters waived extradition and on July 9, 1983, was confined to Montgomery County Prison on escape charges. The Board lodged its warrant against Winters.

At a preliminarly criminal hearing, a prima facie case was found as to the escape charge. Winters was confined in the Montgomery County prison in lieu of $75,000 bond. On July 22, 1983, Winters requested a continuance of his preliminary detention hearing pending disposition of the criminal charges against him. On August 9, 1983, the Board ordered Winters detained pending disposition of the outstanding criminal charges and to return Winters as a technical parole violator when available. A follow-up decision on November 1, 1983 again ordered Winters detained pending the outcome of his outstanding criminal charges.

On January 30, 1984, Winters pled guilty to charges of Escape and Theft by Receiving Stolen Property and was sentenced to a one to two year term for the escape conviction to be served simultaneously with the one to five year term handed down on the Theft by Receiving Stolen Property conviction.

On March 5, 1984, Winters appeared in the Court of Common Pleas of Delaware County and pled guilty to a charge of robbery. Winters was sentenced to a term of three to seven years in a state correctional fa-

240

cility; this sentence was to be served concurrent with the Montgomery County sentence.

Winters asked for a continuance of the Board's violation hearing pending the outcome of the January 1978 charges from Chester County. On April 12, 1984, Winters was convicted of the aggravated assault and attempted burglary charges, and was sentenced on May 15, 1984 to a term of five to ten years to run concurrently with the sentences imposed on January 30, 1984 and March 5, 1984.

On June 21, 1984, Winters was returned to the State Correctional Institution at Graterford (SCI-Graterford). A parole violation/revocation hearing was scheduled on July 10, 1984, but on July 9, 1984, Winters requested a full Board hearing be held.

A full Board hearing was held on September 25, 1984. Winters was represented by an attorney from the Montgomery County Public Defender's Office. As a result of that hearing, on November 7, 1984, the Board reaffirmed its October 15, 1976 recommitment order, at Bureau Corrections No. F-6649, ordering Winters to serve six months backtime. The Board ordered Winters reparoled on September 15, 1989 to the detainer only, and ordered Winters recommitted to prison as a technical and convicted parole violator, at Bureau Corrections No. F-7628, to serve fifty-two months with a maximum expiration date of February 21, 1993.[2]

---

[2] The Board recommitted Winters for 12 months as a technical parole violator for violations of Condition No. 1 (report in person or in writing within 48 hours to the district office, do not leave district without written permission) and Condition No. 6 (special condition imposed of close supervision). The Board recommitted Winters for 40 months as a convicted parole violator for multiple offenses which were established by convictions in a court of record, Winters' statement and admission, various violation reports and classification summaries. The Board's recommittment order com-

Winters timely requested administrative relief. By letter dated January 7, 1985, the Board informed Winters that his recommitment was being recomputed because he was serving consecutive sentences. The Board indicated that the time served between October 6, 1976 and July 5, 1977 was back parole time, Bureau Corrections No. F-6649 which did not affect his current recommitment. The time served between July 5, 1977 and September 3, 1977 on Bureau Corrections No. F-7628 was constructive parole time forfeited by Winters' subsequent criminal convictions.[3] The Board also noted that the reparole date of September 5, 1989 was a typographical error which should have read March 5, 1989. On January 8, 1985, the Board modified its order of November 7, 1984 to reflect the correct reparole date.

On January 30, 1985, Winters again requested administrative relief, which was denied by the Board on February 11, 1985.

On March 9, 1985, Winters filed a pro se petition for review in this Court. On March 18, 1985, this Court appointed the Public Defender of Huntingdon County to represent Winters in accord with *Bronson v. Board of Probation and Parole*, 491 Pa. 549, 421 A.2d 1021 (1980), *cert. denied*, 450 U.S. 1050 (1981) and *Passaro v. Pennsylvania Board of Probation and Parole*, 56 Pa. Commonwealth Ct. 32, 424 A.2d 561 (1981). *See also Brewer v. Pennsylvania Board of Probation and Parole*, 90 Pa. Commonwealth Ct. 75, 494 A.2d 36 (1985).

plies with the standards enunciated in *Rivenbark v. Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole*, Pa. , A.2d (No. 27 E.D. Appeal Dkt. 1985, filed December 10, 1985).

[3] *See Hines v. Pennsylvania Board of Probation and Parole*, 491 Pa. 142, 420 A.2d 381 (1980) ; *Debnam v. Pennsylvania Board of Probation and Parole*, 71 Pa. Commonwealth Ct. 572, 455 A.2d 297 (1983).

Counsel subsequently filed an amended petition for review, which incorporated the pro se petition. On April 3, 1985, Winters filed a pro se copy of a letter sent to counsel requesting the petition for review be amended to include two claims: (1) ineffective representation by the Montgomery County Public Defender at the parole violation and revocation hearing and (2) denial of counsel when the Board dismissed Winters' petition for administrative relief.

On June 4, 1985, Winters' counsel filed an "Application for Dismissal of Parole Proceedings Against Mark Timothy Winters Due to Failure to File Certified Record Within the Time as Required by the Commonwealth Court Order", pursuant to Pa. R.A.P. 2188. This Court denied said application on June 7, 1985, and directed the Board to file a record within twenty days. The Board lodged the certified record on June 28, 1985.

On August 14, 1985, Winters filed a pro se "Motion to Dismiss Attorney of Record Due to Conflict of Interest and Request Permission to Proceed Pro Se With Court Appointed Legal Assistant," alleging, *inter alia,* that counsel did not forward a copy of counsel's brief to Winters prior to filing it with the Court.

On September 13, 1985, Winters filed a pro se "Application for Dismissal of Parole Proceedings Against Mark Timothy Winters Due to Failure to File a Brief Within the Time as Required by the Pennsylvania Rules of Appellate Procedure" as well as a pro se brief.

On September 18, 1985, this Court denied the motion to dismiss counsel, quashed the pro se brief, and gave the Board thirty days to respond to counsel's brief. By a separate order, also dated September 18, 1985, this Court rejected Winters' argument that summary judgment should be granted in his favor because the Board's brief had not been timely filed.

On October 23, 1985, Winters' petition for review was directed to be submitted on briefs. Winters then filed a pro se motion seeking reconsideration of our two September 18, 1985 orders requesting a supersedeas or stay and argument before the Court *en banc*. Winters has also filed a pro se reply brief.

We will first address Winters' outstanding motions. Winters first argues that this Court erred in denying his motion to dismiss counsel, alleging that an evidentiary hearing should be allowed so that he may perfect his claim of ineffectiveness of counsel. In *LaCourt v. Pennsylvania Board of Probation and Parole*, 87 Pa. Commonwealth Ct. 384, 488 A.2d 70 (1985), this Court noted that:

[W]hile an indigent parolee facing revocation of his or her parole is entitled to appointed counsel to represent him before the Board, . . . an indigent parolee does not have the right to appointed counsel of his or her choice. . . . A parolee's right to counsel guarantees only that an indigent parolee be provided with counsel who is competent and who represents his best interests in an effective manner. . . . This right does not entitle a parolee to the best or most experienced defense counsel available.

. . . .

[The parolee] bears the burden of showing counsel's ineffectiveness so as to entitle him to relief. . . . A claim of ineffective assistance of counsel has two parts, both of which must be shown for a parolee to be entitled to relief. The first is a showing that the parolee's counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed under law. The second is that the parolee must show counsel's deficient performance prejudiced his de-

fense. . . . To show prejudice sufficient to satisfy the second requirement, a parolee must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different. . . . [A] parolee must satisfy *both* parts of the test to be entitled to relief. . . .

87 Pa. Commonwealth Ct. at 391-92, 488 A.2d at 74-75.

In this case, Winters' only factual allegation of ineffectiveness of counsel is that counsel did not forward a copy of his brief to Winters. This does not amount to an error so serious as to deprive Winters of effective representation. Accordingly, Winters' ineffective assistance of counsel claim is clearly without merit and must be rejected.

Winters argues that this Court erred in citing *Commonwealth v. Henry*, 341 Pa. Superior Ct. 146 n. 2, 491 A.2d 193, 195 n. 2 (1985) and quashing his pro se brief. Winters argues that because this Court has held many times that proceedings before the Board are civil and not criminal in nature, we cannot cite a criminal case for authority. Winters misperceives our citation. The point for which we cited *Henry* was that we would not consider Winters' brief because he was already represented by counsel. The fact that *Henry* was concerned with a criminal appeal from a judgment of sentence does not render the case inapplicable. We hold that Winters is adequately represented by counsel and that his due process and equal protection rights have not been violated. *See Toth v. Pennsylvania Board of Probation and Parole*, 78 Pa. Commonwealth Ct. 19, 466 A.2d 782 (1983).

Winters next calls our attention to 42 Pa. C. S. §2501(a), which provides that:

(a) *Civil matters*. In all civil matters before any tribunal, every litigant shall have a

right to be heard, by himself and his counsel, or by either of them.

Winters argues that this provision somehow creates a liberty interest in Winters' representing himself at the same time he is represented by counsel. We disagree.

A parole revocation appeal is a civil proceeding except to the extent that a liberty interest requires counsel. *Bronson.* In *Bronson,* our Supreme Court stated that:

> [w]hether a parole violation proceeding is properly classified as criminal, quasi-criminal or civil, we have recognized it to be a proceeding of the nature where the right to counsel is required to comport with our fundamental concepts of fairness. The same compelling considerations require the assistance of counsel in the task of perfecting an appeal from the proceeding.

491 Pa. at 560, 421 A.2d at 1022. We note also that our Supreme Court was of the opinion that the assistance of counsel at the appellate level was required for the assistance of the Court as well as to protect the prisoner's interest. *Toth,* 78 Pa. Commonwealth Ct. at 20, 466 A.2d at 783. In our view, to allow both the prisoner and the counsel to represent the issues to this Court would impede review of the merits of the prisoner's appeal. We have stated many times that the legislature does not intend an absurd result, and to have both the prisoner and counsel proceed separately in the same proceeding would indeed be absurd. We read the conjunctive alternative "by himself and his counsel, or by either of them" found in 42 Pa. C. S. §2501 as referring to the litigants' use of counsel in one instance, and at another time proceeding pro se. We hold that Section 2501 does not create a liberty interest in having Winters represent himself.

246.

Winters alleges next that this Court has favored the Board over the prisoner in procedural matters. We have carefully reviewed the cases cited by Winters and can find no evidence of disparate treatment. In the cases he cites to show how this Court treats prisoners, we note that the petitioners therein either did not timely request administrative relief or failed to file a timely appeal thereby depriving this Court of jurisdiction. And, in the cases cited by Winters as examples of our favoring the Board, this Court reversed the denial of administrative relief on various grounds.[4]

---

[4] Winters asked us to compare *Blevins v. Pennsylvania Board of Probation and Parole*, 89 Pa. Commonwealth Ct. 131, 491 A.2d 966 (1985) (petition for administrative review filed beyond 30 days from date of order; dismissed as untimely); *St. Clair v. Pennsylvania Board of Probation and Parole*, 89 Pa. Commonwealth Ct. 561, 493 A.2d 146 (1985) (petition for review untimely filed and dismissed); *Altieri v. Pennsylvania Board of Probation and Parole*, 88 Pa. Commonwealth Ct. 592, 495 A.2d 213 (1985) (untimely petition for review filed to this Court); *O'Hara v. Pennsylvania Board of Probation and Parole*, 87 Pa. Commonwealth Ct. 356, 487 A.2d 90 (1985) (revocation hearing timely held) and *Maldonado v. Pennsylvania Board of Probation and Parole*, 89 Pa. Commonwealth Ct. 576, 492 A.2d 1202 (1985) (request for administrative relief untimely filed) with *Wright v. Pennsylvania Board of Probation and Parole*, 85 Pa. Commonwealth Ct. 502, 482 A.2d 1190 (1984) (denial of administrative relief reversed where petitioner had no opportunity to review evidence); *Razderk v. Pennsylvania Board of Probation and Parole*, 76 Pa. Commonwealth Ct. 176, 463 A.2d 111 (1983) (Board could not substantiate charges against petitioner with inadmissible hearsay evidence); *Wiley v. Pennsylvania Board of Probation and Parole*, 78 Pa. Commonwealth Ct. 197, 467 A.2d 100 (1983) (recommittment hearing on technical violations held untimely); *Head v. Pennsylvania Board of Probation and Parole*, 77 Pa. Commonwealth Ct. 61, 465 A.2d 76 (1983) (per curiam) (no factual basis to reverse Board's denial of administrative relief) and *Lowe v. Pennsylvania Board of Probation and Parole*, 72 Pa. Commonwealth Ct. 648, 457 A.2d 206 (1983) (per curiam) (Board ordered to file transcription of violation hearing so that this Court can perform review).

Winters alleges in particular that this Court has "condoned" the Board's act of non-compliance of failing to file a timely brief which prejudiced his case. We disagree. In response to the receipt of the two briefs, the Board requested an extension of time to file its own brief pending a designation by this Court of the controlling brief. As previously noted, we directed the Board to respond to counsel's brief on September 18, 1985, which brief has been filed. We find no merit in Winters' contention.

Winters has also asked that counsel be allowed to file a motion to withdraw from the case so that Winters could proceed pro se. The right to withdraw is tied to a finding that the appeal is "wholly frivolous". *Craig v. Pennsylvania Board of Probation and Parole,* 93 Pa. Commonwealth Ct. 586, 502 A.2d 758 (1985). Implicit in the fact that counsel has filed a brief on Winters' behalf is a finding that the appeal is not wholly frivolous. We, therefore, deny Winters' request.

Winters has also filed an "Application for Supersedeas in the Nature of Peremptory Mandamus and Motion to Stay Entire Proceedings Until Issues Herein are Addressed and Resolved and Request Matter be Addressed En Banc," raising substantially the same issues as discussed above, and which we deny.

We now turn to the merits of Winters' appeal as raised in counsel's brief. Petitioner raises seven issues: (1) whether the Board held timely violation and revocation hearings; (2) whether the sentence imposed by the Board was unduly harsh and whether the Board failed to consider mitigating circumstances; (3) whether the recommitment on Bureau Correction No. F-6649 was improper; (4) whether Winters is owed a credit for time served from November 21, 1977 through December 22, 1977; (5) whether the Board improperly failed to inform Winters of his right to appeal all

248

Board decisions; (6) whether his previous counsel was ineffective, denying Winters the right to adequate representation and (7) whether the Board erred in filing a record to this Court without character references submitted in his behalf. We will address the issues seriatim.

Winters first alleges that the full Board hearing did not take place until 133 days following sentencing on his outstanding criminal charges. Section 71.4(2) of the Board regulations, 37 Pa. Code §71.4(2), requires the Board to hold the revocation hearing within 120 days from the date the Board receives official verification of a plea of guilty unless (1) the parolee is confined in a county correctional institution where the parolee has not waived the full Board revocation hearing or (2) if the parolee requests a continuance of a revocation hearing which is granted by the Board. In the instant case, both exceptions to the 120-day requirement apply. On both July 22, 1983 and March 12, 1984, Winters requested a continuance of his revocation hearing. At this point, Winters was confined in a county prison and wanted a full Board hearing. Delays caused by a parolee's request for a continuance will not be considered in determining whether the 120-day time limit has been met. *Corbin v. Pennsylvania Board of Probation and Parole*, 42 Pa. Commonwealth Ct. 50, 53, 399 A.2d 1202, 1203 (1979). In addition, Winters was not returned to a state correctional institution until June 21, 1984. The 120 days in which the Board has to give a convicted parole violator a hearing does not commence until the violator's return to such state correctional institution. *Chancey v. Pennsylvania Board of Probation and Parole*, 83 Pa. Commonwealth Ct. 42, 477 A.2d 22 (1984). The full Board hearing held on September 25, 1984 was therefore timely.

Winters next contends that the sentence imposed by the Board was unduly harsh. Specifically, Winters

alleges that the Board did not consider mitigating circumstances, as evidenced by the Board's imposing the maximum term. The Board recommitted Winters as follows: 12 months for violating General Condition 1 and Special Condition 6; 40 months for multiple offenses (robbery). The 12 month backtime given by the Board was within the 6 to 12 months presumptive range for a single violation of Condition 1 (obtaining permission to leave district). We note also in Section 75.4 that there are no presumptive ranges to be followed when a parolee violates a special condition of parole. *Lewis v. Pennsylvania Board of Probation and Parole,* 74 Pa. Commonwealth Ct. 335, 340, 459 A.2d 1339, 1342 (1983). The regulations only require that special condition violations "be dealt with at least as severely as the least serious of the general conditions. . . ." 37 Pa. Code §75.3(f). In addition, the presumptive range of parole backtime for a robbery conviction is 24 to 40 months. Section 75.2. Here, the Board imposed a 40-month term. Winters does not argue that there is not substantial evidence to support the Board's findings of violations and indeed the record is replete with supporting evidence. Accordingly, because the total backtime imposed is within the published presumptive ranges for those parole violations, we will not interfere with the Board's decision in setting the amount of backtime to be served. *Chapman v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 49, 484 A.2d 413 (1984).

Winters next raises the issue of whether his 6-month recommitment on Bureau of Corrections No. F-6649 was improper. Winters avers that the Board erred in recommitting him on F-6649 because the Board clearly stated that Winters only owed fifty-two months backtime on Bureau of Correction No. F-7628, and that he was not given notice that he could also be recommitted on No. F-6649. We note that both F-6649

and F-7628 are Winters' institutional identification numbers and not his parole number. Winters' parole number, assigned to him prior to 1977, was 1542-J. This number appears on all documents relative to his parole status. A parole number covers *all* sentences for which the parolee was under supervision. *Snyder v. Pennsylvania Board of Probation and Parole*, 78 Pa. Commonwealth Ct. 193, 467 A.2d 112 (1983). The fact that the transcript of the September 25, 1984 hearing reflects only Bureau of Corrections No. F-7628 is of no consequence. *See Oliver v. Pennsylvania Board of Probation and Parole*, 89 Pa. Commonwealth Ct. 635, 494 A.2d 10 (1985).

Winters' next argument is that a time credit should have been applied for thirty-one days Winters spent incarcerated from November 21, 1977 to December 22, 1977, solely due to the Board's detainer. The record reveals that on November 21, 1977, Winters was arrested and confined in Montgomery County prison. Bail was set at $1,500, but Winters did not post bail. The Board lodged its detainer on December 19, 1977, but lifted it on December 21, 1977. Winters posted bail on December 21, 1977 and was released. Clearly, Winters was not held in custody between November 21, 1977 and December 22, 1977 solely because of the detainer lodged by the Board and in accordance with *Gaito v. Pennsylvania Board of Probation and Parole*, 488 Pa. 397, 412 A.2d 568 (1980), this time spent in custody was credited toward his new sentence. Winters alleges that the charges which resulted in this confinement were dropped in April of 1983. There is nothing in the record to support such an allegation.

Winters argues next that the Board improperly neglected to inform him of his right to appeal all Board decisions pursuant to 37 Pa. Code §71.5(h). The orders Winters claims he was not told he could appeal were the August 9, 1983 and November 1, 1983 de-

cisions to detain him pending disposition of criminal charges. We note that 37 Pa. Code §71.3(i) provides that where the parolee is arrested on a charge of committing a criminal offense, the parolee may be arrested and detained on a Board warrant pending disposition of the criminal charges. Section 71.3(2) provides that the parolee arrested pursuant to Section 71.3(1) may be detained without further hearing pending disposition of the criminal charges. The Board must notify the parolee of its decision to detain him. Section 71.3 (11) provides that the case will thereafter be reviewed monthly by the Board to determine the status of the new criminal charges and whether the detainer should be lifted. Winters does not allege that the Board did not follow these procedures. We find no support for Winters' proposition that the Board should have notified him of his right to appeal the aforementioned orders. In addition, we note that since Winters was not returned to a state correctional institution until June 21, 1984 and did not waive his right to a full Board hearing, the Board was without jurisdiction to do more than lodge its detainer.

Winters contends that the Board denied him a reasonable opportunity to have assistance of counsel in appealing the Board's order of November 7, 1985, alleging that he had only six days in which to prepare his application for administrative relief. We have noted that the ''mere shortness of time in which counsel has to prepare a defense or confer with his client does not per se constitute ineffective assistance of counsel.'' *LaCourt*, 87 Pa. Commonwealth Ct. at 391, 488 A.2d at 75. Winters timely submitted his application, and the Board subsequently addressed Winters' request. We do not see where the shortness of time prejudiced Winters' appeal rights.

Winters makes one last argument, that his prior counsel should have been more forceful about articu-

lating Winters' claim of the hearing exceeding 120 days. Winters submits that this lack of "forcefulness" amounts to ineffective assistance of counsel. As previously noted, the Board did not violate the 120 day rule. Additionally, as we read the transcript of the September 25, 1984 hearing, the attorney did argue that the hearing was not timely held. We, therefore, find this last contention to be without merit.

For the reasons set forth, we will affirm the Board.

### ORDER

The order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed. All of Petitioner's motions are denied.