595 A.2d 748

**George JESTER, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 12, 1991.

Decided July 22, 1991.

356

Robert B. Stewart, III, Chief Public Defender of Huntingdon County, for petitioner.

Robert A. Greevy, Chief Counsel, for respondent.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, McGINLEY, SMITH and PELLEGRINI, JJ.

CRAIG, President Judge.

The issue the court must resolve is whether appointed counsel may withdraw his representation of a petitioner in a parole revocation appeal when the request to withdraw is based solely on petitioner's desire to proceed pro se.

In this case, counsel's petition to withdraw includes a copy of a letter from petitioner to appointed counsel in which petitioner adamantly states that he has a constitutional right to represent himself and that he does not wish appointed counsel to represent him in his parole revocation appeal. Counsel's petition to withdraw does not allege that petitioner's case is frivolous or without merit.

When the basis for the petition to withdraw is that the appeal is wholly frivolous, counsel may file a petition to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Craig v. Pennsylvania Board of Probation and Parole,* 93 Pa.Commonwealth Ct. 586, 502 A.2d 758 (1985)[1] or *Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927 (1988) and *Epps v. Pennsylvania Board of Probation and Parole,* 129 Pa.Commonwealth Ct. 240, 565 A.2d 214 (1989).[2]

**1.** Pursuant to *Anders* and *Craig,* counsel after conducting an independent review of the record and determining the appeal is wholly frivolous, must (1) notify the parolee of the request to withdraw; (2) furnish the parolee with a copy of his *Anders* brief; (3) advise the parolee of his right to retain new counsel or raise any points which he may deem worthy of consideration in a pro se brief; and (4) allow the parolee a reasonable opportunity to respond to counsel's motion to withdraw by either securing substitute counsel or filing a brief on his own behalf.

**2.** Pursuant to *Turner* and *Epps,* a no-merit letter instead of an *Anders* brief may be filed. The no-merit letter must contain (1) the nature and extent of counsel's review, (2) the issues petitioner wishes to raise, and (3) counsel's analysis in concluding petitioner's appeal is without merit or frivolous.

This court has not addressed the distinction, if any, between requests to withdraw based upon the client's request to proceed pro se, and those initiated by counsel and based upon the frivolous nature of petitioner's appeal. However, this court has stated that appointed counsel's right to withdraw at the client's request is contingent upon a finding that an appeal is wholly frivolous. *See Winters v. Pennsylvania Board of Probation and Parole,* 94 Pa.Commonwealth Ct. 236, 503 A.2d 488 (1986) *citing Craig.*

In *Winters,* petitioner filed a motion asking that his counsel be permitted to file a motion to withdraw so that petitioner could proceed pro se. The court denied petitioner's request, noting that counsel's filing of a brief on petitioner's behalf implied that the appeal was not wholly frivolous.

■ However, there was no discussion in *Winters* of the basic proposition that an individual has a right to self-representation. The United States Supreme Court held in *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), that the right of self-representation is derived from the Sixth Amendment and that forcing a lawyer on an unwilling defendant is contrary to the basic right of self-representation in criminal proceedings. In *Faretta,* the defendant's request for self-representation at his criminal trial was granted because the record affirmatively showed that the defendant was literate, competent, and understanding, and that he had voluntarily exercised his free will. *Id.* at 835, 95 S.Ct. at 2541. The court further stated that the defendant's technical legal knowledge was not relevant to an assessment of his knowing exercise of the right to defend himself. *Id.* at 836, 95 S.Ct. at 2541. *See also Nonpunitive Segregation Inmates of Holmesburg Prison v. Kelly,* 589 F.Supp. 1330 (E.D.Pa. 1984);[3] *Harper v. Pennsylvania Board of Probation and*

**3.** The decision to permit a petitioner to proceed pro se is within court's discretion; *Anders* criteria are not applicable to requests to withdraw in an appeal from a civil judgment.

*Parole,* 103 Pa.Commonwealth Ct. 251, 520 A.2d 518 (1987), *appeal denied,* 515 Pa. 625, 531 A.2d 432 (1987).[4]

As to the right to counsel in parole revocation proceedings, in *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the Supreme Court held that there is no absolute right under either the Sixth Amendment or the Fourteenth Amendment to be afforded counsel at a parole or probation revocation hearing. The Supreme Court held that the question of whether a prisoner has a constitutional right to counsel should be decided on a case-by-case basis and that the responsible agency faced with a request for counsel should consider whether the prisoner appears capable of speaking effectively for himself.

■ This court has held that parole revocation proceedings are civil in nature to which principles of administrative law and administrative due process apply. *See Hill v. Pennsylvania Board of Probation and Parole,* 89 Pa.Commonwealth Ct. 140, 492 A.2d 80 (1985) *citing Gundy v. Pennsylvania Board of Probation and Parole,* 82 Pa.Commonwealth Ct. 618, 478 A.2d 139 (1984). The parolee's right to counsel is based on Section 6(a)(10) of the Public Defender Act, Act of December 2, 1968, P.L. 1144, *as amended,* 16 P.S. § 9960.6(a)(10), which requires a public defender to represent indigents in probation and parole proceedings, and Section 502 of the Administrative Agency Law, 2 Pa. C.S. § 502, which gives all parties a right to counsel before a Commonwealth agency. *Coades v. Pennsylvania Board of Probation and Parole,* 84 Pa.Commonwealth Ct. 484, 480 A.2d 1298 (1984). Therefore, the Rules of Criminal Procedure do not apply to parole revocation hearings and an extensive on-the-record colloquy as envisioned by Pa.

**4.** The decision to permit a parolee to proceed pro se is within the court's discretion. In *Harper,* where petitioner's request to proceed pro se was denied, appointed counsel had filed an extensive brief on petitioner's behalf, and petitioner had failed to support an ineffective-assistance-of-counsel claim.

In *Harper* and *Winters* the request to proceed pro se was filed after a brief on the merits had been submitted by appointed counsel. In this case, appointed counsel has filed his petition to withdraw before petitioner's brief was due.

R.Crim.P. 318 is not required in order for a parolee to effectuate a valid waiver of counsel. *Hill; Coades.*

■ Thus, the parolee's right to counsel in parole revocation proceedings does not always rise to the magnitude of a constitutionally-mandated right, but reasonable steps must be taken to ensure that a parolee has an ample opportunity to retain counsel of his or her choice or secure the services of the public defender. *O'Hara v. Pennsylvania Board of Probation and Parole*, 87 Pa.Commonwealth Ct. 356, 487 A.2d 90 (1985). The right to counsel in an appeal from a parole revocation order was recognized by the Pennsylvania Supreme Court in *Bronson v. Pennsylvania Board of Probation and Parole*, 491 Pa. 549, 421 A.2d 1021 (1980). In *Bronson*, the court stated that a parolee has a Pennsylvania constitutional right of appeal to Commonwealth Court and a right to representation at his parole revocation hearing; therefore, he has a right to the assistance of counsel in the prosecution of his appeal. *Bronson* 491 Pa. at 559, 421 A.2d at 1026.

Accordingly, the parolee's right to counsel in parole revocation proceedings is derived from statutory and case law; and the right to appeal a final order of the Board revoking parole is one derived from the Pennsylvania Constitution as well as statute. Section 9, Article 5 of the Pennsylvania Constitution; *see also* 42 Pa.C.S. § 763; *Bronson.*

■ This court concludes that under certain circumstances appointed counsel may file a petition to withdraw based upon a petitioner's request to proceed pro se. In doing so, this court must overrule its holding in *Winters* that counsel's right to withdraw at the client's request is limited only to a finding of frivolousness. Thus, in addition to a petition to withdraw based upon a finding that a case is frivolous, counsel may seek to withdraw based upon a petitioner's request to proceed pro se.[5]

---

5. A request to withdraw may also be based upon unreasonable conduct of a parolee which renders it unreasonably difficult for appointed counsel to carry out his duties effectively. Our research has not disclosed any reported cases wherein counsel was granted leave to

■ When counsel files a petition to withdraw based solely on a parolee's request to proceed pro se, the petition must contain an averment of counsel that the parolee has requested that counsel withdraw his representation. In addition, appointed counsel, as in this case, should document the fact that a parolee is aware that he has a right to counsel but is waiving that right and wishes to proceed pro se. This court will then, based upon the petition to withdraw, the parolee's request to proceed pro se, and the record as well as any other pleadings filed in the case, determine whether the parolee is capable of effectively speaking for himself. *See Gagnon.* If so, the petition to withdraw will be granted.

■ In this case, before filing a brief on the merits, counsel filed a petition to withdraw based upon petitioner's request that counsel withdraw from the case. Counsel has attached to his petition to withdraw a letter from petitioner to counsel wherein petitioner clearly states that he wishes to proceed pro se. Also, this court has reviewed the pro se petition for review filed in this matter as well as the record and finds that petitioner is capable of effectively speaking for himself.

Accordingly, counsel's petition to withdraw is granted.

## ORDER

NOW, July 22, 1991, the Public Defender of Huntingdon County's petition to withdraw his representation of petitioner in the above-captioned matter is granted. Petitioner shall file a brief on the merits of this case within 30 days of the date of this Order.

withdraw based upon unreasonable conduct of the parolee. However, in *Toth v. Pennsylvania Board of Probation and Parole,* 78 Pa.Commonwealth Ct. 19, 466 A.2d 782 (1983) this court, in a pre-*Craig* decision, denied appointed counsel's request to withdraw based solely on a letter sent by prisoner to administrative officer of the court complaining about the inadequacy of counsel's brief. The court noted in *Toth* that the circumstances did not appear to make it unreasonably difficult for counsel to effectively carry out his appointment.