J-S84044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JAMES HARDING | |
| Appellant | No. 3214 EDA 2015 |

Appeal from the Judgment of Sentence September 22, 2015
in the Court of Common Pleas of Lehigh County Criminal Division
at No(s):
CP-39-CR-0000914-2014
CP-39-CR-0004806-2013
CP-39-CR-0005211-2013

BEFORE: OLSON, SOLANO, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                     **FILED MARCH 24, 2017**

Appellant, James Harding, appeals *pro se* from the judgment of sentence entered in the Lehigh County Court of Common Pleas following revocation of his parole. We vacate the court's order and remand for further proceedings.

The facts of this case are unnecessary for our disposition, and the relevant procedural history is as follows. On March 17, 2014, Appellant pled guilty to three counts of driving under the influence at three separate dockets. That same day, the trial court sentenced Appellant to a negotiated thirty days' to six months' imprisonment for each offense, all to run consecutively. Appellant subsequently committed new offenses, and on

---

[*] Former Justice specially assigned to the Superior Court.

March 10, 2015, the court conducted a **Gagnon II**[1] hearing at which it revoked Appellant's parole, sentenced him to serve the remaining balance of his original sentence, and granted him immediate reparole.

Thereafter, Appellant again violated his parole when he committed forgery. The trial court sentenced him to eleven-and-one-half to twenty-three months' imprisonment on this new offense. On September 22, 2015, the court once again conducted a **Gagnon II** hearing, during which the following exchange occurred:

> THE COURT: [Appellant], you don't have a lawyer here for your **Gagnon** hearing. Do you wish to be represented?
>
> [APPELLANT]: No. I want—I wish to get this over and done with.

N.T. **Gagnon II** Hr'g, 9/22/15, at 2. At the conclusion of the hearing, the court revoked Appellant's parole, sentenced him to serve the remaining balance on his previous sentence, and granted him immediate work release.[2] Appellant timely filed a *pro se* notice of appeal on October 9, 2015. The court did not order Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b).

As a prefatory matter, we consider whether Appellant knowingly, intelligently, and voluntarily waived his right to counsel.

---

[1] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

[2] The following day, the court modified its order to have Appellant's revocation sentence run consecutive to his new sentence for forgery.

"When a waiver of the right to counsel is sought at the . . . appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one." **Commonwealth v. Robinson**, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*) (citations and quotation marks omitted); **see also Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998) (requiring on-the-record determination of whether waiver of counsel was knowing, intelligent, and voluntary).

Nevertheless, "there is no absolute right under either the Sixth Amendment or the Fourteenth Amendment [of the United States Constitution] to be afforded counsel at a parole or probation revocation hearing." **Jester v. Pennsylvania Bd. of Probation and Parole**, 595 A.2d 748, 751 (Pa. Cmwlth. 1991) (citing **Gagnon**, 411 U.S. at 790).[3] Thus, in parole revocation hearings, the court is not required to conduct an extensive on-the-record colloquy to ensure that a defendant has effectuated a valid waiver of counsel. **Jester**, 595 A.2d at 751. However, "reasonable steps must be taken to ensure that a parolee has an ample opportunity to retain counsel of his or her choice or secure the services of the public defender." **Id.** (citation omitted). Furthermore, in the interest of fairness, our Supreme Court has also recognized the right to counsel "in an appeal from a parole revocation order[.]" **Id.** (citing **Bronson v. Pennsylvania Bd. of**

---

[3] Commonwealth Court decisions are not binding on this Court; however, they may be considered persuasive authority. **See Commonwealth v. Heredia**, 97 A.3d 392, 395 n.4 (Pa. Super. 2014).

***Probation and Parole***, 421 A.2d 1021, 1026 (Pa. 1980)); ***see also*** Pa.R.Crim.P. 708(B)(1).

Instantly, a review of the record reveals no waiver of counsel for Appellant's September 22, 2015 revocation hearing. The only indication that Appellant wanted to proceed *pro se* was his negative response to the court's question as to whether he wished to be represented at the ***Gagnon II*** hearing. ***See*** N.T. ***Gagnon II*** Hr'g at 2 ("I wish to get this over and done with."). Thus, the record does not show that the court took reasonable steps to ensure Appellant had an opportunity to retain counsel, let alone that Appellant executed a knowing, intelligent, and voluntary waiver of counsel. ***See Robinson***, 970 A.2d at 457; ***Jester***, 595 A.2d at 751. Although the court was not required to conduct an extensive waiver colloquy given the nature of parole revocation proceedings, the brief exchange between the court and Appellant was insufficient to constitute an adequate waiver of counsel. ***See Jester***, 595 A.2d at 751. Accordingly, we vacate Appellant's judgment of sentence and remand this matter for the trial court to conduct a ***Grazier*** hearing to determine whether Appellant has knowingly, intelligently, and voluntarily waived his right to counsel before revoking such parole as allowed by law. ***See Grazier***, 713 A.2d at 82; Pa.R.Crim.P. 709(B)(1).

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/24/2017