Michael Kakas, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Philadelphia State Hospital and Commonwealth of Pennsylvania, State Civil Service Commission, Respondents.

Argued February 1, 1982, before Judges MENCER, BLATT and DOYLE, sitting as a panel of three.

*Allen W. Toadvine,* with him *Charles O. Marte, Jr.,* for petitioner.

*Mary Butler,* Deputy Attorney General, with her *Marc G. Brecher* and *John O. J. Shellenberger,* Deputy Attorneys General, and *LeRoy S. Zimmerman,* Attorney General, for respondents.

OPINION BY JUDGE MENCER, April 1, 1982:

Michael Kakas (petitioner) has appealed from an order of the State Civil Service Commission (Commission) which sustained the action of Philadelphia State Hospital (Hospital) in terminating petitioner's employment. We affirm.

On February 27, 1980, petitioner was removed from his position as Psychiatric Security Aide I, regular status, for allegedly injuring a patient at the Hospital. The patient, Ira Robinson, testified before the Commission that petitioner struck him in the mouth, causing him to lose seven teeth. Another patient, Vernon Gordon, testified that he had witnessed petitioner strike Robinson. In addition, two Hospital employees testified that they had observed slight cuts across petitioner's knuckles the day after Robinson's injury occurred. Although petitioner de-

nied all of the charges and established that Robinson had made prior inconsistent statements concerning the cause of his injury, the Commission, in the exercise of its authority to resolve questions of credibility, found that petitioner had struck Robinson. The Commission therefore concluded that the Hospital had just cause for removing petitioner from his position.

On appeal, petitioner argues that the Commission's findings are not supported by substantial evidence because Robinson was not competent to testify and lacked credibility as a witness. The general rule is that a person with a mental illness is competent to testify if he is capable of giving a correct account of the matters which he has seen or heard in reference to the questions at issue. *Commonwealth v. Ware,* 459 Pa. 334, 329 A.2d 258 (1974). In the instant case, Dr. William Levy, a psychiatrist at the Hospital, testified that, in his opinion, Robinson was capable of understanding what happened to him on the day of his injury and was capable of distinguishing truth and falsity. Furthermore, upon reviewing the record, we can find no indication that Robinson lacked the mental capacity to understand the questions, communicate intelligible answers, or recollect the events in issue. We thus cannot say that the Commission abused its discretion in finding that Robinson was competent to testify at the hearing. *See Commonwealth v. Ware.* Once he was properly deemed competent to testify, Robinson's credibility was a matter solely for the Commission to determine.

Petitioner next argues that the Commission abused its discretion in quashing the subpoena duces tecum which requested the medical records of Robinson and Gordon. We disagree, since Section 111 of the Mental Health Procedures Act, Act of July 9, 1976, P.L. 817, 50 P.S. §7111, establishes the confidentiality of

records of persons receiving treatment for mental illness. This section provides as follows:

> All documents concerning persons in treatment shall be kept confidential and, without the person's written consent, may not be released or their contents disclosed to anyone except:
>
> (1) those engaged in providing treatment for the person;
>
> (2) the county administrator, pursuant to section 110 [50 P.S. §7110];
>
> (3) a court in the course of legal proceedings authorized by this act; and
>
> (4) pursuant to Federal rules, statutes and regulations governing disclosure of patient information where treatment is undertaken in a Federal agency.
>
> In no event, however, shall privileged communications, whether written or oral, be disclosed to anyone without such written consent. This shall not restrict the collection and analysis of clinical or statistical data by the department, the county administrator or the facility so long as the use and dissemination of such data does not identify individual patients. Nothing herein shall be construed to conflict with section 8 of the act of April 14, 1972 (P.L. 221, No. 63), known as the 'Pennsylvania Drug and Alcohol Abuse Control Act' [71 P.S. §1690.108].

Since none of the statutory exceptions apply,[1] the Commission properly quashed the subpoena.

---

[1] The exception listed in Section 111(3) does not apply, since (1) the hearing before the Commission was not a legal proceeding authorized by the Mental Health Procedure Act and (2) petitioner sought a personal examination of the records.

Petitioner finally contends that his due process rights were violated because the commissioner who conducted the hearing did not participate in the final decision issued by the two remaining members of the Commission.[2] We have held, however, that due process is satisfied if a hearing is held before one commissioner, with the other members reviewing the testimony before an adjudication is published. *Fleming v. State Civil Service Commission*, 13 Pa. Commonwealth Ct. 421, 319 A.2d 185 (1974); *Siegel v. Civil Service Commission*, 9 Pa. Commonwealth Ct. 256, 305 A.2d 736 (1973). Thus, due process is not breached where someone other than the final decision maker conducts the hearing, provided that the decision maker appraises and considers the evidence prior to reaching a determination. 3 K. Davis, Administrative Law Treatise §17:2 (2d ed. 1980). The commissioners here wrote in their adjudication that they had examined the testimony and evidence entered in this matter, and we have no reason to doubt that they did so.

Accordingly, we enter the following

### ORDER

AND Now, this 1st day of April, 1982, the order of the State Civil Service Commission, dated January 22, 1981, sustaining the action of Philadelphia State Hospital, Department of Public Welfare, in removing Michael Kakas from his position as Psychiatric Security Aide I, regular status, is affirmed.

---

[2] Civil service regulations provide that an adjudication shall become final when it is adopted by a quorum of the Commission (two members) and signed by one of the members of the Commission. 4 Pa. Code §105.15(14).