James Snyder, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Lester G. Nauhaus,* Public Defender, with him *John H. Corbett, Jr.,* Chief, Appellate Division, for petitioner.

*Robert A. Greevy,* Chief Counsel, with him *Arthur R. Thomas,* Assistant Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, November 4, 1983:

The petitioner seeks review of an order of the Pennsylvania Board of Probation and Parole recommitting him for twenty-six months for a technical violation of parole.

On March 19, 1965, the petitioner was sentenced to a term of five to twenty years imprisonment for possession of narcotic drugs. While incarcerated the petitioner was assigned institutional identification number C-7736. The petitioner was paroled on November 29, 1969.

On April 3, 1977, the petitioner was convicted on two counts of possession of a controlled substance and sentenced to two consecutive terms of six to twelve months in a state correctional institution. While incarcerated for the 1977 conviction, the petitioner received the institutional identification number P-3353.

After the petitioner's 1977 conviction and the appropriate hearings, the Board of Probation and Parole recommitted the petitioner as a convicted parole violator. In April 27, 1978, the Board granted the petitioner reparole as to his original sentence and on November 2, 1978 the Board granted the petitioner parole on his 1977 conviction.

On March 13, 1979, the Board declared the petitioner "delinquent as of February 23, 1979." This action resulted from the petitioner's failure to report regularly in person or in writing to his parole agent as required by Condition 2 of his parole. On November 3, 1980, the petitioner was arrested and charged with theft, receiving stolen property and violation of the Uniform Firearms Act. A detainer was lodged against the petitioner and after disposition of the criminal charges[1] a full Board hearing was held. By order dated January 28, 1981, the petitioner was sentenced to serve twenty-six months backtime on his 1965 conviction. In support of its decision the Board wrote:

Evidence relied on: Agent's testimony.

Reasons: Violation of condition #2 established.
Early failure on parole. Reasons aggravating:
In delinquent status 21 months.

The petitioner alleges that because the notice of charges sent to him in advance of the 1981 revocation hearing bore the institutional identification number assigned for his 1977 conviction and not the number assigned to him for his 1965 conviction, the Board erred in recommitting him to serve backtime on the 1965 conviction. The petitioner also contends that the Board abused its discretion by recommitting him for

---

[1] The criminal charges were nolle prossed.

a period in excess of the presumptive ranges set forth in 37 Pa. Code §75.4.

In December, 1980, the petitioner was on parole on two sentences; a five to twenty year sentence resulting from his 1965 conviction and an aggregate one to two year sentence for his 1977 conviction. The notice of charges provided to the petitioner in advance of his 1981 revocation hearing contained the petitioner's parole number 2653-G—a number which covers all sentences for which the petitioner was under supervision. Our review of the record reveals that the petitioner was assigned parole number 2653-G when he was initially paroled in 1969 and that this number appears on all documents relative to the petitioner's parole status. The mere fact that the notice of charges also contained the petitioner's most recent institutional identification number is of no consequence.

The petitioner's contention that the Board abused its discretion in recommitting him for a period of twenty-six months is equally without merit.

The presumptive ranges of parole backtime are intended to structure the discretion of the Board while allowing for individual circumstances in terms of mitigation and aggravation to be considered in the final decision. The Board may deviate from the presumptive range or determine that recommitment should not be ordered, provided sufficient written justification is given. 37 Pa. Code §75.3(c) and (d).

In this instance the petitioner was recommitted for twenty-six months for violation of Condition 2 of his parole. The presumptive range for a single such violation is six to nine months; for multiple violations six to eighteen months. The Board in notifying the petitioner of its decision to recommit him noted the petitioner's twenty-one month delinquency as an aggravating factor. This explanation was sufficient to justify the Board's action.

The order of the Pennsylvania Board of Probation and Parole is hereby affirmed.

ORDER

AND NOW, this 4th day of November, 1983, the order of the Pennsylvania Board of Probation and Parole is affirmed.