John Oliver, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs January 2, 1985, to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*John Oliver, Jr.,* petitioner, for himself.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, *Jay C. Wald-*

*man*, General Counsel, and *LeRoy S. Zimmerman*, Attorney General, for respondent.

OPINION BY JUDGE BARRY, June 4, 1985:

John Oliver, Jr. (petitioner) petitions for review of the denial of his request for administrative relief by the Pennsylvania Board of Probation and Parole (Board) from its decision to recommit him as a technical parole violator (TPV) for thirty-six months backtime.

According to the record certified by the Board, petitioner was paroled on July 1, 1977, from a ten to twenty year sentence imposed after his conviction in the Court of Common Pleas of Philadelphia County for Aggravated Assault and Battery. In May, 1979, he was arrested, and subsequently convicted in the Court of Common Pleas of Montgomery County, on charges of burglary. He was sentenced to six to twenty-three months for that offense. Petitioner had several arrests between the 1979 conviction and the charges which initiated this case; however, his only conviction during that time was for driving under the influence of alcohol for which he was fined $50.00.

While still on parole, petitioner was arrested on June 25, 1983, by the Sex Crimes Unit of the Philadelphia Police on charges of Rape, Indecent Assault, Indecent Exposure, Simple Assault, Recklessly Endangering Another Person and Unlawful Restraint. After notification of petitioner's arrest, his parole agent recommended on June 27, 1983, that petitioner be detained pending disposition of the criminal charges and that he be recommitted as a TPV for violating condition No. 5-c of his parole which required him to refrain from any assaultive behavior. Following a preliminary hearing on July 6, 1983, at which probable cause to detain was found, the Board detainer was

effectuated. Thereafter, on August 17, 1983, the Board issued a notice to petitioner advising that his revocation hearing had been scheduled for September 1, 1983. The hearing notice contained petitioner's correct parole number and his institution number from his Montgomery County conviction, F-6850. The use of F-6850 was incorrect because his parole from that sentence had expired. The hearing notice also contained the following notice of charges:

You are charged with the following:
Condition No. 5-c: "You shall refrain from any assaultive behavior."
On or about 6/15/83, you did drag Karen Potter (Jackson) a retarded person, inside of your apartment, strike her on the face and neck and rape her.

A Full Board Violation Hearing was held as scheduled on September 1, 1983. Appearing at the hearing were the members of the Board, petitioner's parole agent, Mr. Atz; Karen Potter, the alleged victim (victim); victim's mother, Mrs. Regina Potter; victim's mental health worker, Mary McCole, petitioner and the Board's Institutional Parole Representative, Mr. Bivins. After an extended discussion of petitioner's right to counsel and the absence of counsel for petitioner at the hearing, petitioner advised the Board that he wished to proceed with the hearing in the absence of counsel and signed a waiver to that effect. On September 16, 1983, the Board issued its decision to recommit petitioner as a TPV. That document also bore the incorrect institution number, F-6850 and the correct parole number. When, on December 14, 1983, the Board notified petitioner that his request for administrative relief had been denied, it also acknowledged that his Montgomery County Parole had expired and that it had erroneously used the

incorrect institution number in prior communications with him. The Board then advised petitioner that his Philadelphia County sentence with an institution number of H-7052 was still in effect and that his records would be corrected to reflect the correct institution number.

In challenging the Board's action, petitioner raises three issues: (1) whether he was denied his right to counsel, (2) whether he was denied due process because the revocation of his parole was based on the testimony of the victim, who is mentally retarded, and (3) whether he was accorded proper notice of his revocation hearing due to the utilization of the incorrect institution number on the notice form. We will address these questions in the order presented.

As we have recently held, a parolee is entitled to the assistance of counsel at a Board revocation hearing, unless validly waived. *Coades v. Pennsylvania Board of Probation and Parole,* 84 Pa. Commonwealth Ct. 484, 480 A.2d 1298 (1984). Under its regulations governing procedures for hearings for violations of parole conditions,[1] the Board or hearing examiner has an obligation to determine if a parolee, appearing without counsel, understands his right to counsel, his right to free counsel if unable to afford private counsel and that he shall not be penalized in any way for requesting counsel. Only upon the satisfaction of the Board or hearing examiner that a parolee's refusal of counsel is knowing, intelligent and freely made and after the execution of a written waiver to that effect, can the hearing proceed in the absence of counsel for the parolee. In applying these principles to this matter, we are satisfied, upon a careful review of the transcript of petitioner's revocation hearing, that the

---

[1] *See* 37 Pa. Code §71.2(15).

Board fulfilled its obligations and that petitioner made a knowing, intelligent and free choice to proceed[2] with the hearing in the absence of counsel.[3]

---

[2] The following is the exchange between petitioner and the Board members and representative pertinent to petitioner's waiver of counsel at the September 1, 1983, hearing:

MR. BIVENS (sic) (Institutional Parole Representative): This is a Full Board Violation Hearing for John Oliver, Parole No. 5232F at the Philadelphia House of Corrections on September 1, 1983. Okay Mr. Oliver when I came to see you to advise you of the day of this hearing, you advised me that you had had private counsel or court appointed counsel to represent you on your criminal charges, right. A notice was sent to the Public Defender's Office regarding this hearing however, unless a public defender is appointed to represent you by the court, they will not in view of the fact that you have had outside counsel, alright. As a result there's no counsel here to represent you today.

MR. OLIVER (petitioner): Well uh one was, he came up to the interview with me and said that he would be here to represent me I already been interviewed by public defender (inaudible).

MR. BIVENS (sic): Well that's possible however they've advised the Board today, that because you did have outside counsel, that unless the court appointed him that they will not represent you at this hearing. Now the question at this point is, do you desire to go on with the hearing without benefit of counsel?

MR. OLIVER: Yes, I'm not waiving my hearing.

MR. BIVENS (sic): And if so are you willing to waive your right to counsel?

MR. OLIVER: No, I'm not waiving no rights.

MR. BIVENS: Okay.

MR. SCHEIPE (Board Member): Who is your counsel, do you know?

MR. OLIVER: He's a court appointed lawyer, Mr. Uh Mario Adell Dregs Dregs.

MR. SCHEIPE: Dregs? Mario?

MR. OLIVER: Right. He only been appointed to represent me in the criminal charge not the parole hearing.

MR. MCGINNIS (Board Member): Mr. Oliver, my understanding then is that you uh wish to secure an at-

Petitioner next argues that his right to due process was violated because the Board relied on the vic-

torney uh through the public defender's office or private counsel whichever, the choice will be yours and that you would wish to have this hearing rescheduled at a later time.

MR. OLIVER: No, I'm not waiving the hearing. I wish to proceed.

MR. MCGINNIS: Pardon me?

MR. OLIVER: I do not wish to waive the hearing I want to go on with the hearing.

MR. MCGINNIS: Do you desire to proceed with the hearing without counsel?

MR. OLIVER: Yes sir.

MR. MCGINNIS: Do you understand that you have a right to counsel at this hearing?

MR. OLIVER: Well he supposed to been here, I been already been reviewed that he would be here to represent me. I said that I have already been interviewed by the public defender that they was supposed represent me on August the 1st.

MR. MCGINNIS: Yes.

MR. OLIVER: Now I'm not going to get here and say no lawyer that I waive my hearing, I'm going to proceed it, going to go along with it.

MR. MCGINNIS: If you wish to proceed with the hearing you would be waiving your right to counsel at this hearing. Uh if you don't wish to do that we will reschedule the hearing for another time so that you can have benefit of counsel, if that's what you desire.

MR. OLIVER: No no no I'm not waiving it.

MR. SCHEIPE: Are you willing to waive counsel?

MR. OLIVER: No.

MR. SCHEIPE: No?

MR. JACOBS (Board Member): Do you know what we're asking?

MR. OLIVER: Yes sir, I know.

MR. JACOBS: Okay you want to go, let's see if I know what you're asking, you want to go ahead and have the hearing today?

MR. OLIVER: Yes.

MR. JACOBS: Even though there is no attorney here?

MR. OLIVER: Right.

tim's testimony to support its revocation order. Inasmuch as the victim is mentally retarded, petitioner specifically contends that, under such circumstances, there is no competent evidence in the record to support the revocation.

---

MR. JACOBS: Okay. And that means that you're going ahead, proceeding at your own wish without an attorney?

MR. OLIVER: Yes. As long as I be able to ask the (sic) my accussed (sic) questions, that's all.

MR. JACOBS: Yes.

MR. OLIVER: Alright, we proceed with the hearing then.

MR. JACOBS: Okay, now the information that we got that there was somebody by the name of Dregs?

MR. OLIVER: He was appointed for me on—

MR. JACOBS: He was a court appointed for your criminal case?

MR. OLIVER: Yes, and uh August the 25th in Room 254 after the public defender withdraw from my case. He was appointed to represent me.

MR. JACOBS: Uh huh.

MR. OLIVER: So I called him yesterday and he say he only represent me on the criminal charges.

MR. JACOBS: Oh, okay, so he's not going to be here today?

MR. OLIVER: Yeah I was already interviewed by the public—

MR. JACOBS: What you could do if you wanted to, is you could petition the court to ask him to represent you on this case too.

MR. OLIVER: No I'm not.

MR. JACOBS: You don't want to do that?

MR. OLIVER: No, I don't want to do that.

MR. JACOBS: You want to go and get it over with today?

MR. OLIVER: Right.

MR. JACOBS: Okay.

MR. MCGINNIS: Mr. Oliver in essence you're saying that you wish to be your own attorney today and proceed with the hearing and get it over with?

MR. OLIVER: Yes yes.

Generally, the determination of the competency of a witness is for the trial court and that determination is not reviewable in the absence of a clear abuse of discretion. *Commonwealth v. Stoner*, 284 Pa. Superior Ct. 364, 425 A.2d 1145 (1981). We have applied these rules to administrative proceedings as well. *See Kakas v. Department of Public Welfare*, 65 Pa. Commonwealth Ct. 550, 442 A.2d 1243 (1982).

> The general rule is that a person with a mental illness is competent to testify if he is capable of giving a correct account of the matters which he has seen or heard in reference to the questions at issue. (Citation omitted.)

*Id.* at 552, 442 A.2d at 1244. Therefore, if a review of the record fails to indicate that the witness lacked the mental capacity to understand the questions, communicate intelligible answers or recollect the events at issue, we cannot say that the administrative tribunal has abused its discretion in finding a witness competent to testify. *Id.*

Instantly, our review of the record discloses that the victim was able to satisfy the *Kakas* standard. Accordingly, we cannot hold that the Board abused its discretion or violated petitioner's due process rights in accepting her as a competent, credible witness. Consequently, we must reject petitioner's argu-

---

[3] Petitioner, in his brief, alleges that a public defender was present at the September 1, 1983 hearing and was prepared to defend petitioner on the technical violation charges. Petitioner further alleges that the Board refused to allow this public defender, who is not identified in petitioner's brief, either by name or county office, to participate in the hearing. As might be expected, the Board strenuously denies these allegations and after closely reviewing the passages of the transcript cited by petitioner to support these charges (Petitioner relies on page 2 of the transcript which is included in the quoted excerpt of the transcript in footnote 2.), we must agree with the Board.

ment that the record does not contain competent evidence to support the Board's order.

Finally, we consider whether the Board's use of the incorrect institution number on its hearing notice deprived him of proper notice. Under our holding of *Snyder v. Pennsylvania Board of Probation and Parole*, 78 Pa. Commonwealth Ct. 193, 467 A.2d 112 (1983), it is of no consequence that the Board utilized the incorrect institution number. As was the case in *Snyder*, all of the Board's notices and orders to petitioner also contained his correct parole number, which covers all sentences for which a parolee is under supervision. Moreover, the charges against petitioner to be considered at the hearing were clearly delineated in the notice. Therefore, petitioner's argument is without merit.

Having found the Board's order to be supported by substantial evidence and finding that the Board committed no legal errors and violated none of petitioner's constitutional rights in adjudicating this matter,[4] we will affirm the recommitment order of the Board.

ORDER

Now, June 4, 1985, the order of the Pennsylvania Board of Probation and Parole, dated September 16, 1983, is affirmed.

Judge WILLIAMS, JR., did not participate in the decision in this case.

---

[4] Our review of a Board recommittment order is limited to determining whether the Board's findings are supported by substantial evidence, an error of law has been committed or the parolee's constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Zazo v. Pennsylvania Board of Probation and Parole*, 80 Pa. Commonwealth Ct. 198, 470 A.2d 1135 (1984).