595 A.2d 1177

**COMMONWEALTH of Pennsylvania**

v.

**Clarence H. MOYER, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued May 7, 1991.

Filed July 26, 1991.

Reargument Denied Sept. 27, 1991.

Dianne M. Dickson, Allentown, for appellant.

Jacquelyn C. Paradis, Asst. Dist. Atty., Allentown, for Com.

Before ROWLEY, President Judge and CIRILLO and JOHNSON, JJ.

CIRILLO, Judge:

Clarence H. Moyer, Jr. appeals from the judgment of sentence entered in the Court of Common Pleas of Lehigh County following his conviction for the crimes of statutory rape, involuntary deviate sexual intercourse, indecent assault, indecent exposure and corruption of minors. 18 Pa.C.S. §§ 3122, 3123, 3126, 3127. We reverse and remand for a new trial.

Moyer's convictions stem from repeated sexual assaults upon a minor male child. Moyer was also charged with sexually assaulting two minor females, but was acquitted of those charges.

On March 13, 1986, after an investigation by the Salisbury Township Police Department, Detective Metzler advised Moyer of the sexual allegations made against him. A

few hours later, on March 14, 1986, Moyer presented himself at St. Luke's Hospital with suicidal ideation, depression and anxiety. At trial, Ida Shuler, R.N., Administrative Director of the Department of Psychiatry at St. Luke's Hospital, testified that Moyer had voluntarily committed himself for psychiatric treatment and was hospitalized at St. Luke's from March 14, 1986 through April 1, 1986, and again from April 17, 1986 through May 27, 1986.

Over objection from defense counsel, Shuler was permitted to read into evidence the following entry from Moyer's hospital record:

> Patient was seen one-to-one and told writer he had just talked to his lawyer and was pleading guilty; that he didn't want to put the boy through a court hearing; that he couldn't sacrifice the boy. Patient seemed relieved.

A jury convicted Moyer of all charges relating to the victim. Post-trial motions were filed and denied. Moyer was sentenced to pay the costs of prosecution, to make restitution and to serve a term of imprisonment of no less than five nor more than fifteen years. In this timely appeal Moyer presents four issues for review:

A. Did the trial court commit reversible error when it authorized the initial release of appellant's mental health records and when it permitted the use of the records at trial?

1. Is the confidentiality of appellant's mental health records, maintained by St. Luke's Hospital, protected by statutory law, the Constitution and corresponding case law?

2. Did the trial court err when it authorized the initial release by St. Luke's Hospital of records concerning the mental health treatment of Clarence Moyer, as the confidentiality of those records is protected by the Mental Health Procedures Act?

3. Did the trial court's erroneous authorization of the initial release of Clarence Moyer's mental health records and allowance of the use of those records at trial constitute reversible error?

B.   Did the court err in allowing Steven Moyer to testify after the Commonwealth failed to produce recorded prior statements of the witness?

C.   Did the court err in permitting the Commonwealth to introduce rebuttal evidence regarding the appellant's character?

D.   Did the court err in permitting George Lang to testify on rebuttal, of a prior criminal act of the appellant?

Upon review, we conclude that Moyer's first claim is meritorious and requires vacatur of the judgment of sentence. Therefore, we address only that issue.

█   Initially, we note that "questions concerning the admission or exclusion of evidence are within the sound discretion of the trial court and will not be reversed on appeal absent a clear abuse of discretion." *Commonwealth v. Sweger*, 351 Pa.Super. 188, 194–95, 505 A.2d 331, 334 (1986), *alloc. denied*, 513 Pa. 634, 520 A.2d 1385 (1987) (citations omitted).   Furthermore, an error in the admission or exclusion of evidence requires reversal unless the Commonwealth establishes that the error was harmless beyond a reasonable doubt. *Commonwealth v. Story*, 476 Pa. 391, 406, 383 A.2d 155, 162–163 (1978).   *See also Commonwealth v. Westcott*, 362 Pa.Super. 176, 523 A.2d 1140 (1987), *alloc. denied*, 516 Pa. 640, 533 A.2d 712 (1987); *Sweger, supra*.   With this standard in mind, we address Moyer's claim.

█   Moyer first contends that section 7111 of the Mental Health Procedures Act, 50 P.S. § 7101 *et seq.*, ("MHPA") prohibits the disclosure of his mental health records from St. Luke's Hospital.   Section 7111 of the MHPA, entitled "Confidentiality of Records," states:

All documents concerning persons in treatment shall be kept confidential and, without the person's written consent, may not be released or their contents disclosed to anyone except:

(1) those engaged in providing treatment for the person;

(2) the county administrator, pursuant to section 110;

(3) a court in the course of legal proceedings authorized by this act; and

(4) pursuant to Federal rules, statutes and regulations governing disclosure of patient information where treatment is undertaken in a Federal agency.

In no event, however, shall privileged communications, whether written or oral, be disclosed to anyone without such written consent. This shall not restrict the collection and analysis of clinical or statistical data by the department, the county administrator or the facility so long as the use and dissemination of such data does not identify individual patients. Nothing herein shall be construed to conflict with section 8 of the act of April 14, 1972 (P.L. 221, No. 63), known as the "Pennsylvania Drug and Alcohol Abuse Control Act."

50 P.S. § 7111

In its opinion in support of denying post-trial motions, the trial court dismissed this argument in a footnote, finding that Section 7111(3) of the MHPA authorized the release of Moyer's records to the court. Trial Court Opinion at 8. Furthermore, the trial court reasoned that Moyer's treatment records must be "privileged" beyond the confidentiality requirements of section 7111 itself, in order to fall under the protection of the MHPA. We disagree.[1]

■ We note first that the "Mental Health Procedures Act is to be strictly construed." *Commonwealth v. Blaker*, 293 Pa.Super. 391, 394, 446 A.2d 976, 978 (1981). A strict construction of Section 7111 reveals that all documents concerning persons in treatment are to be kept confidential and may not be released or disclosed to anyone, absent the patient's written consent, with certain exceptions. 50 P.S. § 7111. The trial court relies upon the third exception to

---

1. We note that the parties do not disagree that Moyer's inpatient treatment falls within the scope of the act. *See* 50 P.S. § 7103.

justify the admission of Moyer's records into his criminal trial. The third exception to the privilege of confidentiality conferred by the MHPA on a patient's records allows a court to review the records *in the course of legal proceedings authorized by the MHPA.* 50 P.S. § 7111(3).

The unambiguous language of section 7111(3) leads us to conclude that a patient's inpatient mental health treatment records may be used by a court *only* when the legal proceedings being conducted are *within the framework* of the MHPA, that is, involuntary and voluntary mental health commitment proceedings. *See* 50 P.S. § 7103 (MHPA establishes the rights and procedures for all involuntary treatment of mentally ill persons, whether inpatient or outpatient, and for all voluntary inpatient treatment of mentally ill persons). *See also Kakas v. Commonwealth of Pennsylvania,* 65 Pa.Cmwlth. 550, 442 A.2d 1243 (1982). We can find no language within the act itself which includes criminal proceedings within the framework of the act, nor can we find any caselaw in the Commonwealth which supports such a proposition.

In *Kakas, supra,* the petitioner, an employee of the Philadelphia State Hospital who was terminated for injuring a patient, requested the mental health records of the injured patient and of another patient who had witnessed the incident and testified against Kakas at a hearing before the State Civil Service Commission. *Kakas,* 65 Pa.Cmwlth. at 552, 442 A.2d at 1244. The Commission quashed Kakas' subpoena duces tecum and the Commonwealth Court affirmed the quashal, concluding that none of the statutory exceptions of section 7111 applied to Kakas' request. In an explanatory footnote, the Commonwealth Court noted that the hearing before the Commission was *not a legal proceeding authorized by the Mental Health Procedure Act. Id.,* 65 Pa.Cmwlth. at 553 n. 1, 442 A.2d at 1245 n. 1. (emphasis added). Similarly, absent any authority to the contrary, we conclude that the criminal prosecution at hand is not a legal proceeding authorized by the act. *Kakas, supra;* 50 P.S. §§ 7103, 7111.

Furthermore, although no panel of this court has directly addressed the issue of privileged communications under the MHPA, a strict construction of section 7111 leads us to conclude that the first sentence of that section confers a statutory privilege of confidentiality on the patient's records. 50 P.S. § 7111. *See also Blaker, supra.* Furthermore, we find no language which even vaguely infers that the records must be privileged under any other statute or at common law in order to be protected by the act. *Cf. Marcarelli v. Commonwealth of Pennsylvania,* 23 Pa.D. & C.3d 600 (1982) (in the absence of a release from the patient, the psychiatric records of the patient are privileged pursuant to section 7111 and are immune from discovery in a civil action against the patient *which is unrelated to psychiatric treatment received* ) (emphasis added).

Based on the foregoing, we conclude that the trial court abused its discretion in admitting Moyer's inpatient mental health records into evidence as they were statutorily privileged under the MHPA. 50 P.S. 7111; *Kakas, supra; Sweger, supra.* Furthermore, we are convinced that the admission of Moyer's records, offered by the Commonwealth as evidence of Moyer's guilty mind, was so prejudicial as to warrant vacating the judgment of sentence and granting Moyer a new trial. *Westcott, supra; Sweger, supra; Story, supra.*

As we have found that Moyer's inpatient psychiatric records are privileged under the MHPA, we need not discuss whether they are also privileged under the psychologist or psychiatrist-patient privilege. 42 Pa.C.S. §§ 5944 (the psychologist-patient privilege was amended December 22, 1989 to include psychiatrists). Moreover, we note merely for the sake of completeness, that the common law physician-patient privilege generally applies only in civil cases. *Commonwealth v. Edwards,* 318 Pa. 1, 178 A. 20 (1935); *Commonwealth v. Moore,* 378 Pa.Super. 379, 548 A.2d 1250 (1988), *alloc. granted,* 521 Pa. 616, 557 A.2d 720 (1989); *Commonwealth v. Petrino,* 332 Pa.Super. 13, 480

A.2d 1160 (1984); Packel & Poulin, Pennsylvania Evidence § 503.5(a).

Judgment of sentence vacated and case remanded for a new trial. Jurisdiction relinquished.