620 A.2d 1172

**In the Interest of: Frank ROY,**

**Appeal of: Robert ROY, Heir at Law of Frank Roy, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 18, 1992.

Filed Feb. 19, 1993.

184

James S. Lederach, Scottsdale, for appellant.

Gretchen Mundorff, Connellsville, for Donald Roy, participating party.

Before ROWLEY, President Judge, and JOHNSON and HESTER, JJ.

JOHNSON, Judge:

Robert Roy appeals from the order which denied his Petition for Disclosure of Confidential Records. We are asked to decide whether an heir can waive the confidentiality provisions of the Mental Health Procedures Act in order to secure documents which might assist in contesting the validity of the decedent's will. We conclude that the Act must be strictly construed and that the disclosure of documents concerning a person in treatment is prohibited when intended for use outside the course of legal proceedings authorized under the Act. We find no error of law in the denial of the request for disclosure. We affirm.

Appellant Robert Roy (Roy) is one of the surviving sons of Frank V. Roy, deceased. Frank Roy died testate on July 13, 1991. Roy's brother, Donald Roy, is the named executor under their father's will and letters testamentary were issued to him. The father, during his lifetime and shortly following the execution of his will in 1986, was the subject of two separate proceedings brought pursuant to the Mental Health Procedures Act, Act 143 of 1976, 50 P.S. §§ 7101 *et seq.* The one proceeding, filed at No. 1108 of 1986 G.D. in the Fayette County Court of Common Pleas, sought extended involuntary emergency treatment pursuant to Section 302 of the Act, 50 P.S. § 7303. The second proceeding, filed at No. 1227 of 1986 G.D., sought court-ordered involuntary treatment pursuant to Section 304 of the Act, 50 P.S. § 7304.

Roy's Petition for Disclosure of Confidential Records was filed at both proceedings. Roy alleged that he had filed an appeal from the decree of probate in his father's estate, believing that, at the time his father executed his will, the father was not of sound mind, capable of disposing of his estate by will for lack of testamentary capacity. He alleged that the will had been executed on May 9, 1986, that the proceedings under the Act had been initiated in June and July of that year, respectively, and that the father had been adjudicated an incompetent by decree dated August 19, 1987.

Roy prayed for permission, along with his counsel, to examine the contents of the files held by the Fayette County Prothonotary at the two docket numbers, in order that he could prepare a petition for the appeal from probate in his father's estate. He intended to challenge the admission of the purported will to probate on the grounds of his father's lack of testamentary capacity and/or undue influence. The Honorable William J. Franks denied the petition, citing the confidentiality provisions of the Act, prompting these appeals. We affirm.

Roy posed a single question for our consideration on this appeal:

Whether the heir of a decedent who had been subject to involuntary treatment pursuant to the Mental Health Proce-

dures Act can waive the confidentiality concerning such person required by the Act?

We need only look to the express language of the Act to answer this question. Section 111 of the Act, 50 P.S. § 7111, provides in material part:

### § 7111. Confidentiality of records

All documents concerning persons in treatment shall be kept confidential and, without the person's written consent, may not be released or their contents disclosed to anyone except:

(1) those engaged in providing treatment for the person;

(2) the county administrator, pursuant to section 110;

(3) a court in the course of legal proceedings authorized by this act; and

(4) pursuant to Federal rules, statutes and regulations governing disclosure of patient information where treatment is undertaken in a Federal agency.

In no event, however, shall privileged communications, whether written or oral, be disclosed to anyone without such written consent. This shall not restrict the collection and analysis of clinical or statistical data by the department, the county administrator or the facility so long as the use and dissemination of such data does not identify individual patients.

■ The Mental Health Procedures Act is to be strictly construed. *Commonwealth v. Moyer*, 407 Pa.Super. 336, 340, 595 A.2d 1177, 1179 (1991), *alloc. denied*, 529 Pa. 656, 604 A.2d 248 (1992). As our learned and distinguished colleague, the Honorable Vincent J. Cirillo, pointed out in *Moyer*:

A strict construction of Section 7111 reveals that all documents concerning persons in treatment are to be kept confidential and may not be released or disclosed to anyone, absent the patient's written consent, with certain exceptions . . . .

The unambiguous language of section 7111(3) leads us to conclude that a patient's inpatient mental health treatment records may be used by a court *only* when the legal

proceedings being conducted are *within the framework* of the MHPA, that is, involuntary and voluntary mental health commitment proceedings. We can find no language within the act itself which includes criminal proceedings within the framework of the act, nor can we find any caselaw in the Commonwealth which supports such a proposition.

. . . .

Furthermore, although no panel of this court has directly addressed the issue of privileged communications under the MHPA, a strict construction of section 7111 leads us to conclude that the first sentence of that section confers a statutory privilege of confidentiality on the patient's records.

*Id.* 407 Pa.Super. at 340–341, 595 A.2d at 1179–80 (emphasis in original).

We can paraphrase the cogent analysis by Judge Cirillo in *Moyer* and observe that there is no language within the Act which includes probate proceedings within the framework of the Act, nor have we been referred to any caselaw to support such a proposition. Based upon our strict construction of the Act, alone, we have no difficulty in finding that Judge Franks did not abuse his discretion nor commit error of law in denying the petition.

In his brief, Roy seeks to argue that, because he is an heir at law of the incompetent, he can waive confidentiality. Roy asserts this on the fallacious premise that heirs represent a decedent's interest in ascertaining the validity of his own last will and testament. We reject this contention. In *Boyd v. Kilmer*, 285 Pa. 533, 132 A. 709 (1926), a man conveyed his only property to a neighbor and friend on condition that the neighbor take care of him during the remainder of his life. The man died less than a month later. His surviving daughters sought to have the conveyance cancelled, alleging a fiduciary and confidential relationship between their father and the grantee. At trial, the daughters sought to preclude the testimony of their deceased father's attorney, the scrivener of the deed, on the basis that the attorney's testimony would violate the attorney/client privilege, which privilege

they, the daughters, would invoke. Our supreme court held that relatives of a deceased client who were not parties to a transaction in which the attorney acted cannot invoke the privilege. The court further held that the right to claim that the communications were privileged was purely personal and did not pass after the client's death to his relatives, and this is especially so if it appears that their interests were antagonistic to the holder of the privilege and against his deed. *Id.* at 539–40, 132 A. at 711–12. The court expressly found that the interests of the daughters were adverse to their father and they did not represent him. *Id.*

■ In a similar vein, our supreme court has found that where an heir attacks a deed executed by a decedent which is *prima facie* valid, the heir is regarded as having an interest adverse to the right of the decedent and is therefore precluded from testifying under the Dead Man's Act. *Chambley v. Rumbaugh,* 333 Pa. 319, 5 A.2d 171 (1939). It is the transferee who represents the interest of the deceased transferor, and the transferor's heirs are incompetent to testify against the transfer. *Philo v. Rought,* 385 Pa. 275, 123 A.2d 168 (1956).

*Boyd v. Kilmer, Chambley v. Rumbaugh,* and *Philo v. Rought,* all *supra,* involve the transfer of real property and the right of an heir to contest the transfer's validity. The principle is nevertheless valid on the present facts.

■ Roy urges that he is the heir of his deceased father and therefore he should be permitted to waive the confidentiality provisions of the Mental Health Procedures Act. Even if this were not statutorily prohibited—which it is—Roy could not prevail. The record is clear that the letters testamentary were issued to Roy's brother, Donald, the named executor. Only Donald could even attempt an argument that he was in a position to give the written consent required under the Act. Since Roy was before the trial court admittedly seeking to overturn the validity of the decedent's will, he is clearly adverse to the decedent's interest and could not purport to give any consent for release of the confidential information. His status does not change on this appeal.

The *Moyer* court instructs us that the privilege we here review is statutory as it relates to the patient's records. The only exception which might even remotely be applicable on this appeal is subsection 7111(3) which permits release of records to "a court in the course of legal proceedings authorized by this act." Judge Franks correctly found that the purpose for which Roy desires disclosure—to test the validity of the decedent's will—is not for a legal proceeding as authorized by the Act.

Since we find that the trial court correctly denied the petition for disclosure of confidential records, we do not consider, nor do we decide, whether Roy has standing to appeal the court orders which were entered in the cases dealing with the involuntary treatment of the deceased father, Frank V. Roy. We note that this panel has previously denied the Motion to Quash filed on behalf of the Estate of Frank V. Roy, Deceased. We point out that the Motion was filed by counsel for the Estate and not by, or on behalf of, the Executor of the Estate. Moreover, the orders from which the appeals have been taken were not entered in the estate proceeding but were entered in the two proceedings previously initiated under the Mental Health Procedures Act. We decline to conclude, as the movant would have us find, that a petition for disclosure of documents at one docket number constitutes a "discovery request" at another, separate docket number.

Finding no merit in the only issue properly before us on these appeals, we affirm the order entered at the two docket numbers, Nos, 1108 and 1227 of 1986, G.D. on December 13, 1991.

Orders AFFIRMED. Jurisdiction relinquished.