2022 PA Super 183

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARC W. NUZZO | : | |
| | : | |
| Appellant | : | No. 726 WDA 2021 |

Appeal from the Order Dated May 20, 2021
In the Court of Common Pleas of McKean County Criminal Division at
No(s):  CP-42-CR-0000175-2019

BEFORE:   OLSON, J., SULLIVAN, J., and PELLEGRINI, J.[*]

CONCURRING/DISSENTING OPINION BY SULLIVAN, J.:

**FILED: OCTOBER 18, 2022**

The majority sets forth a persuasive rationale to hold that this appeal is properly before this Court and that the trial court erred in holding that the petition for an incompetency examination filed by Marc W. Nuzzo ("Nuzzo") is a public document.  I agree that the collateral doctrine applies under the circumstances of this case.  However, I respectfully dissent because the text of the Mental Health Procedures Act ("MHPA"), 50 P.S. §§ 7101-7503, does not support the conclusion that a petition for an incompetency examination requested pursuant to § 7402, even if it contains mental health information, is a confidential document such that sealing is required.

A review of the record reveals the following facts and procedural history of this appeal.  Nuzzo was involved in a two-car automobile accident in September 2018, which resulted in the death of one of the occupants of the

_____

[*] Retired Senior Judge assigned to the Superior Court.

other vehicle, and injuries to passengers in the other vehicle. In March 2019, the Commonwealth charged Nuzzo with aggravated assault by vehicle, homicide by vehicle, involuntary manslaughter, and recklessly endangering another person.

On March 19, 2021, Nuzzo's counsel filed a motion for continuance of a status conference based on Nuzzo's recent hospitalization and inability to participate in the proceedings. The March 19th continuance motion attached information concerning Nuzzo's hospitalization, which the trial court sealed. *See* Order, 3/29/21. One day before the rescheduled status conference, Nuzzo's counsel filed a second motion for continuance along with additional medical documentation and a request that the filing be sealed. The trial court, over the Commonwealth's objection, granted the continuance, sealed Nuzzo's filing, and sealed its order granting Nuzzo's requests. Additionally, the trial court directed Nuzzo to file a petition seeking an incompetency examination and for Nuzzo and the Commonwealth to submit memorandums on the trial court's authority to issue sealing orders and whether a petition for an order directing an incompetency examination is a public record. *See* Nuzzo's Memorandum of Law Pursuant to April 21, 2021 Order, 5/7/21, at 1; Commonwealth's Memorandum Pursuant to the Order of April 21, 2021, 5/6/21, at 1. In his memorandum to the trial court, Nuzzo asserted that § 7111 protected the confidentiality of an incompetency petition.

On May 6, 2021, Nuzzo filed a petition for an order directing an incompetency evaluation pursuant to § 7402 of the MHPA.[1]  The trial court granted the request for an incompetency examination but directed that the petition for the examination would be deemed a public document.  Nuzzo sought an amendment of the order, which the trial court denied.  This appeal followed.

On appeal, Nuzzo raises two issues: (1) whether the trial court's order making his petition for an incompetency examination public was a collateral order and (2) whether the trial court erred in denying his request to seal his petition based on § 7111.  *See* Nuzzo's Brief at 4 (reordered).  As noted above, I agree with the majority that this appeal is properly before us pursuant to the collateral order doctrine.  *See* Majority Opinion at 7-13.  Thus, the remaining issue is whether Nuzzo's petition requesting an incompetency examination should be sealed as a confidential document under the MHPA.

This Court will only reverse a trial court's decision to grant or deny closure of the record upon a determination that the trial court abused its discretion.  *See A.A. v. Glicken*, 237 A.3d 1165, 1170 (Pa. Super. 2020).  However, questions concerning the proper interpretation and application of the MHPA involve questions of law for which our standard of review is *de novo*

_____

[1] The following day, May 7, 2021, Nuzzo filed an amended petition changing some of his citations to the MHPA from § 7401, *et seq*. to § 7101, *et seq*.

- 3 -

and our scope of review is plenary. *See Commonwealth v. Segarra*, 228 A.3d 943, 950 (Pa. Super. 2020), *appeal denied*, 237 A.3d 975 (Pa. 2020).

While it is well established that the MHPA must be strictly construed, *see Commonwealth v. Moyer*, 595 A.2d 1177, 1179 (Pa. Super. 1991),[2] it is equally well established that the purpose of statutory interpretation is to "ascertain and effectuate the intention of the General Assembly, giving effect to all of its provisions." *Dubose v. Quinlan*, 173 A.3d 634, 643 (Pa. 2017). This analysis begins with "considering the plain meaning of the statute's language" and if the language is unambiguous it must be applied "without employing familiar canons of construction and without considering legislative intent." *Id.* As the Statutory Construction Act instructs, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b).

Nuzzo asserts that the issue in the matter before us begins and ends with a review and analysis of § 7111, entitled "Confidentiality of Records," to determine whether the petition *he* filed should be sealed. To that end, he

---

[2] The majority ably notes that there is no case law that addresses whether a petition for an incompetency examination falls within the scope of § 7111. *Moyer*, like many cases addressing the MHPA and the confidentiality of treatment records, only considered the admission of a person's treatment records as evidence at trial pursuant to § 7111 or the ability of a party to access such records during discovery. *See Moyer*, 595 A.2d at 1180; *see also Segarra*, 228 A.3d at 953. *Moyer* is clearly distinguishable from the case at bar because *Moyer* did not address the competency of the defendant to stand trial pursuant to § 7402; rather, it addressed an evidentiary issue at trial regarding the admission of the defendant's actual treatment records as evidence at trial.

suggests that § 7111 is not only the initial, but also the exclusive, provision to be applied in making the determination.

However, Nuzzo's legal argument puts the proverbial "cart before the horse" by focusing on § 7111, the general provision governing the confidentiality of treatment records, rather than first considering § 7402, the specific provision governing requests for incompetency examinations. For purposes of the analysis before us the procedural framework of § 7402 must be reviewed and analyzed prior to applying any other section of the MHPA, for to do anything else misconstrues the applicable statute and fails to put the legal issues before us in the proper context.

The parties here do not dispute that Nuzzo sought an incompetency examination under § 7402 of the MHPA, entitled "Incompetence to proceed on criminal charges and lack of criminal responsibility as defense." Essentially, this section permits "the Commonwealth, a person charged with a crime, his counsel, or the warden or other official in charge of the institution or place in which he is detained" to apply to the court for an incompetency hearing. *See* 50 P.S. § 7402(c). This "examination" is limited in scope, namely the determination of whether a criminal defendant is competent to "understand the nature or object of the proceedings against him or to participate and assist in his defense." *Id*. at § 7402(a). Conspicuously absent from § 7402 is any mention of mental health treatment, treatment records, or even the mental health status of the criminal defendant who is the subject of the application

for the examination.[3]  Nowhere in § 7402 does the legislature suggest or imply that an incompetency examination is "treatment," and the language plainly states that the procedure for an incompetency examination is preliminary in nature.  That is, when examination is ordered it is for the sole purpose of determining competency, nothing more.  **See id**. at § 7402(c).

Furthermore, there is no suggestion that the petition requesting an incompetency examination or the court order granting the examination is a treatment record.  The only mention of treatment in § 7402 is contained in subsection (b) and that clearly only concerns defendants actually found incompetent by the Court.  **See id**. at § 7402(b).  The procedures for requesting and granting an incompetency examination do not require the defendant be actively in treatment, nor do they require a defendant to enter

---

[3] In this regard, § 7402 is an anomaly within the MHPA, which primarily deals with mental health treatment.  **Cf. Commonwealth v. Humphrey**, --- A.3d --- , --- 2022 WL 4542120, at *11 (Pa. Sept. 29, 2022) (noting that "[t]he MHPA, enacted in 1976, governs the provision of inpatient psychiatric treatment and involuntary outpatient treatment, and its purpose is to assure the availability of adequate treatment to persons who are mentally ill, and to establish procedures to effectuate this purpose") (internal citation omitted).  Moreover, unlike other mental health examinations conducted in criminal proceedings, there is no provision in our Rules of Criminal Procedure restricting access to information disclosed or obtained in the course of an incompetency examination.  **Cf**. Pa.R.Crim.P. 569 (discussing mental health examinations retained by the Commonwealth or ordered by the court, but stating that the rule does not apply to proceedings under § 7402), 703(A) (discussing pre-sentence mental health examinations).

mental health treatment to obtain an examination. *See id*. at § 7402(e)(1) (noting that an examination will be conducted "as an outpatient examination unless an inpatient examination is, or has been, authorized under another provision of this act"). [4]  Finally, nothing in § 7402 requires the petitioning party to include the details of a defendant's mental health or treatment as part of the petition filed with the trial court.  Thus, it is clear that the plain language of § 7402 does not implicate treatment or documents regarding treatment.[5]

In light of the plain language of the applicable statutory provisions for the determination of competency to stand trial, I conclude that an analysis of

_____

[4] Our courts have held that records of voluntary outpatient treatment are outside of the scope of the MHPA and not protected from disclosure under the MHPA.  *See Tavella-Zirilli v. Ratner Companies, L.C.*, 266 A.3d 696, 701 (Pa. Super. 2021).

[5] Furthermore, in Article 4 of the MHPA, entitled "Determination Affecting those Charged with Crime or Under Sentence," the legislature sets forth separate procedures for petitions for "examination and treatment."  For example, § 7401 distinguishes "examination and treatment" for a defendant who is or becomes severally mentally disabled.  *See* 50 P.S. § 7401(a) (prohibiting examination and treatment at a Veterans Administration facility if such examination and treatment requires the preparation of a competency report).  Likewise, § 7407 establishes distinct procedures for the "examination and treatment" of defendant charged with crimes and who believe they are in need of treatment.  *See id*. at § 7407(a) (requiring an individual to provide a physician's certification about the necessity of treatment).  These uses of "examination and treatment" in §§ 7401 and 7407, when juxtaposed with § 7402(c), which only refers to applications for incompetency examinations, without reference to treatment, further supports a conclusion that a § 7402 petition for a preliminary incompetency examination does not implicate treatment or require additional documents or details of treatment in order to support a request for an incompetency examination.

- 7 -

the general confidentiality provision of the MHPA in § 7111 is unwarranted as this general provision is not implicated by a petition for an incompetency examination under § 7402. The confidentiality provisions of the MHPA in § 7111 provide that "[a]ll documents concerning persons in treatment shall be kept confidential, and, without the person's written consent, may not be released or their contents disclosed to anyone . . .." 50 P.S. § 7111(a). Section 7104 of the MHPA discusses the meaning and parameters of treatment as "diagnosis, evaluation, therapy, or rehabilitation ***needed to alleviate pain and distress and to facilitate the recovery of a person from mental illness*** and shall also include care and other services that supplement treatment and aid or promote such recovery." ***See id***. § 7104 (emphasis added). As examined above, a petition for an incompetency examination as set forth in § 7402 (the relevant statutory provision at issue in this appeal) implicates neither "treatment" nor a "document concerning persons in treatment" pursuant to § 7111 because it does not require an individual to be in treatment, nor does a request for an incompetency examination (or the examination itself) intend to alleviate pain and distress due to mental illness. ***See id***. The incompetency examination is limited to evaluation of a criminal defendant to determine whether a criminal defendant is able to assist in his defense and stand trial. Thus, I would hold that the privilege created by § 7111(a) does not apply to Nuzzo's petition for a competency determination itself, and conclude that Nuzzo has not established that § 7111(a) requires sealing of his § 7402 petition. Accordingly, I am constrained to disagree with

the majority's holding that Nuzzo's petition for an incompetency examination falls within the scope of "all documents concerning persons in treatment" such that sealing is required.  **See** Majority Opinion at 24-25.

However, in reviewing this specific petition I would conclude certain **redactions** may be appropriate.  Although not required by § 7402, Nuzzo's petition voluntarily disclosed mental health information, including dates of hospitalizations, names of doctors and therapists, and the opinions of those doctors.[6]  To the extent counsel disclosed documents or the contents of documents concerning Nuzzo's mental health **treatment**, that information implicates the protections by § 7111(a), and public access to those disclosures should be restricted.  **See** 50 P.S. § 7111(a) (prohibiting the disclosure of the contents of treatment documents).  Therefore, I would remand for the trial court to redact counsel's disclosures of the contents of the documents concerning Nuzzo's treatment to the extent such disclosures within the

---

[6] To the extent that the majority suggests that the attachment of such documents to an incompetency petition is necessary to establish a *prima facie* question of incompetency, I respectfully disagree.  As noted above, § 7402 does not require the pleading or attachment based on documents concerning treatment.  In crafting a § 7402 request there are alternatives to attaching confidential medical records to said petition such as requesting a hearing or including in the petition a request for the court to review sensitive material *in camera* if the court deems it necessary.

In the case *sub judice*, I believe that this Court should not create new law potentially protecting all petitions filed with the trial court under § 7402 as confidential mental health documents based on an individual attorney's decision to insert sensitive mental health information in a petition that did not statutorily or procedurally require such information.

petitions which implicate § 7111.[7]  The trial court's order, however, does not implicate § 7111.

Thus, I respectfully concur in part and dissent in part.

_____

[7] The trial court may have recognized this fact when it initially directed that an amended petition be public "subject to the exclusion of communications" from Nuzzo's treatment providers.  Nevertheless, Nuzzo's original and amended petitions for an incompetency examination remain a part of the open record at the time of this appeal, and the trial court has apparently entered a subsequent order directing that the original and amended petition be filed as a public document.  *See* Order, 6/1/21.